PEOPLE v ORTMAN

Docket No. 166834. Submitted January 5, 1995, at Detroit. Decided
March 7, 1995, at 9:05 A.M.

William A. Ortman pleaded guilty in the Tuscola Circuit Court,
Patrick R. Joslyn, J., of attempted uttering and publishing. He
was sentenced on April 9, 1990, to three years' probation, with
the first year to be served in the county jail. The jail sentence
was suspended after the defendant completed a drug rehabilita-
tion program. On July 9, 1991, as a result of a petition filed by
probation authorities that alleged violation of the terms of his
probation, the Tuscola Circuit Court, Patrick R. Joslyn, J.,
issued a bench warrant for his arrest. The defendant was
arrested on May 28, 1993, pursuant to a warrant regarding
child support issued through the friend of the court in Saginaw
County. On June 18, 1993, the defendant brought a motion in
the Tuscola Circuit Court, seeking to quash the warrant from
Tuscola County and dismissal of the charge of probation viola-
tion because of the delay in his arrest. The Tuscola Circuit
Court, Norman A. Baguley, J., found that the probation author-
ities did not exercise due diligence in executing the warrant
regarding the probation violation but denied the motion to
quash, finding that the defendant had suffered no prejudice
because of the delay. Following a probation revocation hearing
and a finding of probation violation, the court, Patrick R.
Joslyn, J., revoked the defendant's probation and sentenced
him to ninety days' imprisonment. The defendant appealed.

The Court of Appeals *held:*

The trial court erred in denying the motion to quash. The
two-year delay from the issuance of the warrant until the
defendant's arrest constitutes a waiver of the probation viola-
tion because the probation authorities did not exercise due
diligence in executing the warrant. The concept of prejudice to
the defendant is merely a factor to be considered in determin-

REFERENCES

Am Jur 2d, Criminal Law §§ 578, 579.
Comment Note.—Procedural requirements, under Federal Constitu-
tion, applicable to revocation of probation or parole. 36 L Ed 2d
1077.

ing whether the probation authorities exercised due diligence in executing the warrant. The lack of prejudice, in and of itself, is not sufficient to defeat a defendant's claim that the probation violation must be waived where there is a finding that the authorities did not exercise due diligence. The order denying the defendant's motion to quash and the order of conviction of probation violation must be reversed.

Reversed.

1. CRIMINAL LAW — PROBATION.

Probation authorities must exercise due diligence in executing a warrant for probation violation once it has been issued; if the authorities do not act with reasonable dispatch under all the circumstances, the probation violation is waived.

2. CRIMINAL LAW — PROBATION — PROBATION REVOCATION.

It is appropriate to consider the length of the delay, the reason for the delay, and the prejudice to the defendant in determining whether probation authorities exercised due diligence in executing an arrest warrant for the defendant based on an alleged violation of probation; the lack of prejudice, in and of itself, is not sufficient to prevent waiver of the alleged probation violation where there is a finding that the authorities did not exercise due diligence.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *James R. Reed,* Prosecuting Attorney, and *Jonathan C. Pierce,* Assistant Attorney General, for the people.

*David W. Oberschmidt,* for the defendant.

Before: JANSEN, P.J., and MICHAEL J. KELLY and HOOD, JJ.

PER CURIAM. Defendant appeals as of right from an order of the Tuscola Circuit Court denying his motion to quash a bench warrant and his subsequent conviction of probation violation. His probation was revoked and he was sentenced to ninety days' imprisonment. We reverse.

On February 9, 1990, defendant pleaded guilty of attempted uttering and publishing, MCL

750.249; MSA 28.446, MCL 750.92; MSA 28.287, in the Tuscola Circuit Court. He was sentenced on April 9, 1990, to three years' probation, with the first year to be served in the county jail. Because defendant successfully completed a drug rehabilitation program in the Ten Sixteen Home, the balance of his jail sentence was suspended. Defendant had also been sentenced on March 1, 1990, in the Saginaw Circuit Court to a term of probation for a conviction of attempted uttering and publishing. Defendant was serving his probationary terms concurrently.

On July 9, 1991, as a result of a petition filed by probation authorities, a bench warrant was issued in Tuscola County alleging that defendant violated his probation because he used a controlled substance without a valid prescription. Apparently, defendant had submitted a urine sample to the Saginaw County Probation Department on May 21, 1991, and that sample tested positive for Valium. On July 2, 1991, the Department of Corrections sent defendant a letter (which defendant admittedly received) encouraging him to turn himself in to the Tuscola County Sheriff's Department. Defendant admitted that he did not respond to the letter. Defendant also admitted that he ceased reporting to his probation officer when he received a call that there was a warrant for his arrest.

Defendant was arrested on May 28, 1993, pursuant to a warrant regarding child support issued through the friend of the court in Saginaw County. When he was arrested, it was determined that there were outstanding warrants in Tuscola County and Saginaw County for violations of defendant's probations. Defendant moved to quash the warrant from Tuscola County and dismiss the charge of probation violation on June 18, 1993, because of the delay in his arrest.

A hearing was held on June 25, 1993. The trial court found that the probation authorities did not exercise due diligence in executing the warrant regarding the probation violation. However, the court denied defendant's motion to quash the warrant, finding that defendant suffered no prejudice because of the delay. A probation revocation hearing was held immediately thereafter, and the trial court found that defendant's probation had been violated. The trial court revoked defendant's probation and sentenced him to ninety days' imprisonment. Defendant was granted a bond pending appeal.

Defendant argues on appeal that the trial court erred in denying his motion to quash. He contends that the two-year delay from the issuance of the warrant until his arrest constitutes a waiver of the probation violation because the probation authorities did not exercise due diligence in executing the warrant. We agree with defendant.

In *People v Diamond,* 59 Mich App 581, 587; 229 NW2d 857 (1975), this Court first announced the rule that once a warrant for probation violation has been issued, the probation authorities must exercise due diligence in executing it. If there is a determination that the probation authorities did not act with reasonable dispatch under all the circumstances, then there is a waiver of the probation violation. *Id.,* p 588. This rule has been consistently followed by this Court. *People v Gunner,* 61 Mich App 569, 570; 233 NW2d 87 (1975); *People v Henry,* 66 Mich App 394, 397; 239 NW2d 384 (1976); *People v Miller,* 77 Mich App 381, 384; 258 NW2d 235 (1977); *People v Hanson,* 178 Mich App 507, 510; 444 NW2d 175 (1989); *People v Ritter,* 186 Mich App 701, 709; 464 NW2d 919 (1991).

The trial court found that the probation authorities had not acted with due diligence in this case.

There was evidence to support this finding. At the evidentiary hearing, it was determined that defendant had lived at the house he owned in the City of Saginaw continuously since 1970. Defendant had not changed his name, moved, or otherwise attempted to evade the probation authorities. The probation authorities had defendant's correct address. Further, Gerald Polk, the supervisor of probation services for the "thumb" area, testified that he could not give any reason why the warrant for defendant's arrest was not enforced for nearly two years. We also note that it appears that the delay in executing the warrant would have been even longer because defendant was arrested on a wholly separate matter (regarding a child support order from the Saginaw Circuit Court) and it was only at that point that the outstanding arrest warrant was noted. Thus, the trial court's finding that the probation authorities did not exercise due diligence is not clearly erroneous.

The trial court, however, denied the motion to quash, finding that there was no prejudice to defendant because of the delay. The trial court's legal conclusion regarding prejudice is not entirely in accord with the above-cited authorities. In *Miller, supra,* p 384, this Court stated that to determine whether the authorities exercised due diligence, it is appropriate to consider the length of the delay, the reason for the delay, and the prejudice to the defendant. Thus, the concept of prejudice to the defendant is merely a factor to be considered in determining whether the probation authorities exercised due diligence in executing the warrant.

We do not believe that a lack of prejudice, in and of itself, is sufficient to defeat a defendant's claim that the probation violation must be waived where there is a finding that the authorities did

not exercise due diligence. Those cases that suggest otherwise involved entirely different factual situations. In *People v Diamond,* 70 Mich App 512; 245 NW2d 809 (1976), the defendant was also to blame for the delay. There, the defendant used several different names, resided at seven different addresses, and denied under oath that he was on probation during the period of delay. In *People v Phillips,* 109 Mich App 535, 540; 311 NW2d 301 (1981), the question was whether the defendant was denied due process by reason of the delay of 108 days between the incident violating the probation and the hearing regarding the charge of violation of probation. This Court held that the defendant suffered no prejudice because the Bay County probation authorities were waiting to see how the defendant did in a drug rehabilitation program before commencing probation violation proceedings. This Court noted that the delay actually benefited the defendant because it would avoid interruption of a program that could be helpful to the defendant and that, if the program was successfully completed, it would be a mitigating factor in the defendant's eventual sentence for probation violation.

In the instant case, there is no showing that defendant was to blame for the delay, and the delay did not benefit defendant. The concept of prejudice should have been considered in the ultimate decision of whether the probation authorities exercised due diligence in executing the warrant. As this Court has noted, a warrant is a command to the officer to execute the warrant promptly, and in some circumstances under pain of fine or criminal prosecution. *People v Rowe,* 95 Mich App 204, 209; 289 NW2d 915 (1980); MCL 750.191; MSA 28.388, MCL 750.123; MSA 28.318, MCL 600.587; MSA 27A.587.

Because the probation authorities did not exercise due diligence in executing the warrant, the probation violation should have been waived. We, therefore, reverse the trial court's order denying defendant's motion to quash and reverse the conviction of probation violation. *Gunner, supra,* p 570.

Reversed.