## STATE OF CONNECTICUT *v.* ROSEMARIE C. SOLDI
## (AC 25526)

Flynn, Bishop and McDonald, Js.

Argued September 22, 2005—officially released January 3, 2006

*Glenn W. Falk*, special public defender, for the appellant (defendant).

*Julia K. Conlin*, assistant state's attorney, with whom, on the brief, were *Mary M. Galvin*, state's attorney, and *Sharon Sloan Koziol*, special deputy assistant state's attorney, for the appellee (state).

*Opinion*

FLYNN, J. The defendant, Rosemarie C. Soldi, appeals from the judgment of the trial court finding her in violation of probation and sentencing her to forty-two months imprisonment. On appeal, the defendant claims that the court improperly (1) denied her motion to dismiss, and (2) sentenced her without making a specific finding that the beneficial purposes of probation could no longer be served and that she posed a danger to herself or to others. We agree with the defendant's first claim and, accordingly, reverse the judgment of the trial court.

The following facts, reasonably garnered from the record, are relevant to our resolution of the defendant's appeal. On September 1, 1994, the defendant was sentenced to five years incarceration, execution suspended, and three years probation on a charge of

larceny in the second degree.[1] A special condition of the defendant's probation was the payment of restitution to the corporate victim in the amount of $3600, payable at a rate of $100 per month throughout her probationary period. The defendant's probation officer, Jim Rapuano, explained that condition to her and the need to make those payments timely. The defendant acknowledged understanding that condition by signing her conditions of probation form. Although the defendant's probationary period was set to expire on September 1, 1997, the defendant, as of August 29, 1997, had made no payments toward her restitution, and an arrest warrant was issued specifically for her failure to make payments. After Rapuano made several unsuccessful attempts to contact the defendant to alert her that a warrant had been issued, he transferred the warrant to the West Haven police department in November, 1997. Apparently, no action was taken on the warrant by the police, and, on January 28, 2003, when the defendant appeared in court on unrelated charges, she, finally, was served with the August, 1997 warrant.

The defendant filed a motion to dismiss, claiming, in part, that the prosecution of the violation of probation was untimely because the warrant was not executed with due diligence in that it was not served on her until more than five years after it had been issued. On March 12, 2004, the court denied the motion in a written memorandum of decision. The defendant's violation of probation hearing was held on April 21, 2004, at which time the court found the defendant to be in violation of her probation for failing to pay restitution. At her April 28, 2004 sentencing hearing, counsel informed the court that he had in his possession a bank check to cover the defendant's restitution. Nevertheless, the court sen-

---

[1] The court's memorandum of decision and the defendant's brief state that the defendant pleaded guilty to the larceny charge. The docket sheet, however, lists a finding of guilty after a plea of nolo contendere.

tenced the defendant to forty-two months imprisonment for the violation. This appeal followed.

On appeal, the defendant claims that the court improperly denied her motion to dismiss on the ground of unreasonable delay or lack of due diligence in executing the arrest warrant. She also claims that the statute of limitations, General Statutes § 54-193 (b),[2] applies in this case as a bar to prosecution. The defendant argues, inter alia, that the court improperly "discount[ed] the lapse of time of more than five years, longer than the statutes of limitations for the crime at issue, as not itself constituting unreasonable delay." She proceeds to argue that once there was undisputed testimony that the defendant was not a fugitive, but resided in West Haven during the time that the warrant was outstanding, the court improperly continued to place "the burden upon the defendant to produce additional evidence [concerning unreasonable delay or lack of due diligence] which was within the exclusive knowledge and control of the police department." We agree that the court improperly denied her motion to dismiss on the ground of unreasonable delay or lack of due diligence in executing the arrest warrant.[3]

We must first consider the standard of review where a claim is made that the court improperly failed to grant a motion to dismiss. "Our standard of review of a trial court's . . . conclusions of law in connection with a

[2] General Statutes § 54-193 (b) provides: "No person may be prosecuted for any offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, for which the punishment is or may be imprisonment in excess of one year, except within five years next after the offense has been committed. No person may be prosecuted for any other offense, except a capital felony, a class A felony or a violation of section 53a-54d or 53a-169, except within one year next after the offense has been committed."

[3] Because we agree that the court improperly denied her motion to dismiss on the ground of unreasonable delay or lack of due diligence in executing the arrest warrant, we find it unnecessary to determine whether § 54-193 (b) applies in this case.

motion to dismiss is well settled. . . . [W]here the legal conclusions of the court are challenged, we must determine whether they are legally and logically correct and whether they find support in the facts . . . . Thus, our review of the trial court's ultimate legal conclusion and resulting [denial] of the motion to dismiss will be de novo." (Internal quotation marks omitted.) *State* v. *Vitale*, 76 Conn. App. 1, 14, 818 A.2d 134, cert. denied, 264 Conn. 906, 826 A.2d 178 (2003).

In its memorandum of decision on the defendant's motion to dismiss, the court found, inter alia, the following relevant facts: "The defendant has moved to dismiss the violation of probation charge. A hearing was held on March 4, 2004. At the hearing, the defendant's case consisted of her testimony and that of Rapuano. The defendant testified that, except for approximately two months when she lived in Norwich, during the period between August 29, 1997, and January 28, 2003, she lived continuously in West Haven. She had four different addresses during that period, two on Peck Avenue, one on Park Street and one for a short period on California Street. The Park Street address was a three-family home owned by her brother continuously from 1978. During this period, she had one or more vehicles registered in her name with a West Haven address. She had a driver's license with a West Haven address. Because of a stroke on Mother's Day in 1996, she was unemployed during the sixty-five month period in which the warrant was not served on her. The utilities for the residences where she lived were in her name. Her daughter continuously attended West Haven schools, including Carrigan Middle School and West Haven High School. The defendant testified that she made no effort to evade the police.

"Between August 29, 1997, and November, 1997, when he held the warrant, Rapuano testified that he knew of the two Peck Avenue addresses and the Park Street address where, the defendant testified, she

resided at various times. He sent letters to those addresses and attempted to contact the defendant by telephone. There was testimony that the defendant's telephone may not have been in service during this period. Because at least some of the letters were not returned to the probation office, Rapuano concluded that the defendant knew about the warrant and his efforts to have her come to the probation office. There was no testimony from the West Haven police department."

The court went on to deny the defendant's motion to dismiss solely focusing on the defendant's statute of limitations defense. It did not analyze the motion under the due process clause of the fourteenth amendment, although the defendant had asserted and briefed both claims. In denying the motion, the court explained that "[t]he defendant did not offer any testimony that the West Haven police did not make attempts to serve the warrant or that such police could be charged with unreasonable delay or lack of due diligence. Without evidence to the contrary, this court cannot assume that the warrant was executed with unreasonable delay or lack of due diligence." We disagree with the court that such an assumption was necessary and conclude that once the defendant put forth evidence that she did not attempt to evade arrest, she was living in West Haven for all but two months during that five year period, her daughter attended West Haven schools, utilities for her residences were in her name, a vehicle was registered at her address, her driver's license had her address on it and her probation officer testified that he knew of those addresses, the burden should have shifted to the state to prove that due diligence was exercised despite failing to serve the warrant for more than five years.

"The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by proba-

tion." *Black* v. *Romano*, 471 U.S. 606, 610, 105 S. Ct. 2254, 85 L. Ed. 2d 636 (1985). "[T]he issuance of a violator warrant triggers a process which, as a matter of fundamental fairness, must be pursued with reasonable diligence and with reasonable dispatch. What will constitute a reasonable time will, of necessity, vary with the facts of each case. Obviously, a violator who has succeeded in evading the authorities is in no position to complain of a delay. Even in other cases delay will not in and of itself suffice to show prejudice, except in an extreme case, and actual prejudice vel non is the focal point of the inquiry. *Shelton* v. *United States Board of Parole*, 388 F.2d 567, 574 (D.C. Cir. [1967]) . . . ." (Citation omitted; internal quotation marks omitted.) *Parham* v. *Warden*, 172 Conn. 126, 135, 374 A.2d 137 (1976). In *Shelton*, which our Supreme Court quoted in *Parham*, the United States Court of Appeals for the District of Columbia Circuit noted that in cases where extreme delays in the execution of a parole violation warrant are involved, *prejudiced is presumed. Shelton* v. *United States Board of Parole*, supra, 574 n.10.

There is no Connecticut case law that completely is on point with the case at bar. There are, however, several cases that are instructive. In *Parham* v. *Warden*, supra, 172 Conn. 128–29, the defendant was paroled on or about September 17, 1971, with his parole set to expire on May 1, 1974. A parole violation warrant was issued for his arrest on December 21, 1971. Id., 129. That warrant, however, was not executed until almost three years later on October 14, 1974. Id. The defendant claimed, inter alia, that his confinement was illegal because he was denied due process by the failure of the state to exercise the parole violation warrant with reasonable diligence, in that it was not served on him until more that three years after it was issued. Although the trial court agreed with the defendant, our Supreme Court reversed the judgment, holding that the defendant

had failed to inform his parole officer of his changes of residence and that "[a] person who eludes arrest over an extended period of time lays no proper foundation for a claim that such delay caused him a denial of due process." Id., 133. The court also concluded that the facts of the case did not support the trial court's conclusions that the parole officer and the police failed to act with due diligence because there were no facts indicating what action had been taken by the police to execute the warrant. Id., 134.

Although the court in *Parham* appears to indicate that it was the burden of the defendant to set forth facts indicating what action had been taken by the police to execute the warrant, a review of later case law indicates otherwise. In *State* v. *Ali*, 233 Conn. 403, 660 A.2d 337 (1995), a case concerning whether the failure to provide a jury instruction as to whether the affirmative defense that the prosecution at issue was improper because it was commenced beyond the applicable statute of limitations, the Supreme Court recognized "that some limit as to when an arrest warrant must be executed after its issuance is necessary in order to prevent the disadvantages to an accused attending stale prosecutions . . . ." (Internal quotation marks omitted.) Id., 415; *State* v. *Crawford*, 202 Conn. 443, 450, 521 A.2d 1034 (1987). The court specifically "[did] not adopt a per se approach as to what period of time to execute an arrest warrant is reasonable." *State* v. *Ali*, supra, 415. Rather, it explained that "[i]f the facts indicate that an accused consciously eluded the authorities, or for other reasons was difficult to apprehend, these factors will be considered in determining what time is reasonable. If, on the other hand, the accused did not relocate or take evasive action to avoid apprehension, failure to execute an arrest warrant for even a short period of time might be unreasonable . . . ." Id.; *State* v. *Crawford*, supra, 450–51.

Although *Ali* concerned a jury instruction on the statute of limitations defense for prosecution on a charge of threatening, we find it instructive. The court in *Ali* went on to determine that a jury instruction on the affirmative defense had been warranted because the police had the defendant's address, the defendant had continued to contact his children, and he had sent several checks to his children. *State* v. *Ali*, supra, 416. The court concluded, on the basis of those facts, that the "jury could have concluded . . . that had the [police] made any effort to contact [various individuals] the arrest could have been effectuated far sooner. Therefore, the issue of whether the state executed the warrant within a reasonable period of time was properly a question of fact for the jury." Id.

A similar conclusion was also set forth by our Supreme Court in *State* v. *Figueroa*, 235 Conn. 145, 665 A.2d 63 (1995), in which the court held that "if the defendant puts forward evidence to suggest that the state reasonably could have executed the warrant sooner, the issue of whether the state executed the warrant within a reasonable period of time [is] properly a question of fact for the [fact finder]." (Internal quotation marks omitted.) Id.,178; *State* v. *Kruelski*, 41 Conn. App. 476, 487, 677 A.2d 951, cert. denied, 238 Conn. 903, 677 A.2d 1376 (1996). Those cases lead us to the conclusion that once a defendant puts forth evidence to suggest that she was not elusive, was available and was readily approachable, the burden shifts to the state to prove that the delay in executing the warrant was not unreasonable. Cases in other jurisdictions also support that conclusion.

In *United States* v. *Hill*, 719 F.2d 1402 (9th Cir. 1983), an arrest warrant was issued for violation of probation but was not served on the defendant for two and one-half years. Id., 1404. Although the United States Court of Appeals for the Ninth Circuit acknowledged that

"[t]he issuance of a warrant may preserve the court's jurisdiction if a probationer is imprisoned for another offense or voluntarily absents himself from the jurisdiction"; id.; it concluded that "the mere issuance of a warrant does not indefinitely extend the sentencing court's jurisdiction over a probation violation. A court must examine all the circumstances of the case to determine whether the warrant was executed within a reasonable time." Id., 1405. Where the warrant had been outstanding for more than two and one-half years and the United States had not presented any justification for its failure to execute the warrant, the appeals court held that such delay was unreasonable and that the District Court had lost jurisdiction to proceed on the probation violation. Id.

Similarly in *People* v. *Cooper*, 54 Misc. 2d 42, 280 N.Y.S.2d 920 (1967), the County Court of Dutchess County, New York, dismissed a charge of violation of probation where the warrant had not been executed with diligence, having been served approximately three years after its issuance. The court explained: "[T]he failure to exercise the warrant issued in April of 1964, there being no showing in the record that the defendant was in hiding or evading service of a warrant, or that he was incarcerated after a conviction for another crime, is tantamount to a waiver of the violation." Id., 43.

In *People* v. *Diamond*, 59 Mich. App. 581, 229 N.W.2d 857 (1975), the Michigan Court of Appeals "adopt[ed] the rule [that] once a warrant for probation violation has been issued, the probation authorities must exercise due diligence in executing it." Id., 587. In remanding the case for a hearing, the court ordered, inter alia, that "the [trial] court must determine what effort, if any, was made to execute the 1971 warrant [and] whether the probation authorities acted with reasonable dispatch under all the circumstances." Id., 588.

More recently, in *People* v. *Ortman*, 209 Mich. App. 251, 253, 530 N.W.2d 161 (1995), a bench warrant was issued for a violation of probation in July, 1991, and a letter was sent to the defendant encouraging him to turn himself into authorities. His arrest, however, did not occur for two years. Id. The court explained that there was no evidence to demonstrate that the delay was the fault of the defendant, nor that he had benefited from the delay, and, accordingly, it agreed with the defendant's contention that "the two-year delay from the issuance of the warrant until his arrest constitutes a waiver of the probation violation because the probation authorities did not exercise due diligence in executing the warrant." Id., 254.

In *Rodriguez* v. *State*, 804 S.W.2d 516, 518 (Tex. Crim. App. 1991), the Texas Court of Criminal Appeals explained that once the issue of due diligence in exercising a probation violation warrant is raised, the burden shifts to the state to show that it had, in fact, exercised due diligence. The court also explained that it had "never held that a lack of due diligence is an affirmative defense which a defendant must prove by a preponderance of the evidence, [but rather] [t]his matter is simply one of burden shifting which requires the [s]tate to come forward with evidence of diligence once the defendant has raised and developed the issue at the revocation hearing." Id., 518–19. Concluding that there had been no evidence to indicate that the defendant had escaped from custody or been in hiding and that the two year delay in executing the warrant was not explained by the state, the court held that the state had failed to meet its burden to show that it had made a diligent effort to apprehend the defendant and ordered the defendant's motion to dismiss granted. Id.

In the case at bar, as stated by the trial court, the defendant put forth evidence that she had lived in West Haven continuously from August 29, 1997, to January

28, 2003, except for a two month period. Although she had lived at four different West Haven addresses during that period, two on Peck Avenue, one on Park Street and one for a short period of time on California Street, the Park Street address was a three-family home owned by her brother continuously from 1978. Rapuano testified that he knew of the two Peck Avenue addresses and the Park Street address where, the defendant testified, she had lived. Additionally, the defendant's vehicles were registered in her name with a West Haven address, and she had a driver's license with a West Haven address. The utilities were in her name, and her daughter continuously attended West Haven schools. Further, the defendant specifically testified that she had made no effort to evade the police. Despite all of this testimony by the defendant and by Rapuano, the state offered no testimony from the West Haven police department to explain the reason for the five year delay in executing the warrant.

On the basis of our careful reading of *State* v. *Ali*, supra, 233 Conn. 416, *State* v. *Figueroa*, supra, 235 Conn. 178, *State* v. *Kruelski*, supra, 41 Conn. App. 487, and the pointed case law from other jurisdictions, we conclude that the defendant set forth sufficient evidence to establish that she was not evasive of arrest and that her whereabouts were readily ascertainable. The state, thereafter, offered no evidence that the five year delay in the execution of the warrant was reasonable. Accordingly, we reverse the judgment denying the defendant's motion to dismiss.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to dismiss and to render judgment thereon.

In this opinion the other judges concurred.