# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee,

v

REID J. COWAN,

      Defendant-Appellant.

UNPUBLISHED
August 18, 2015

No. 319132
Marquette Circuit Court
LC No. 06-044129-FH

Before: TALBOT, C.J., and K. F. KELLY and SERVITTO, JJ.

PER CURIAM.

This case arises out of an order of the trial court denying defendant's motion for relief judgment. Defendant was convicted for violating the terms of his probation and sentenced to three to five years' imprisonment. This Court denied his delayed application for leave to appeal, *People v Cowan*, unpublished order of the Court of Appeals, entered June 2, 2014 (Docket No. Docket No. 319132), but the Michigan Supreme Court remanded this matter as if on leave granted, directing this Court to consider the following: "(1) whether the defendant is entitled to relief because of the deliberate or negligent failure of the State of Michigan to execute the probation violation warrant while the defendant was known to be serving a prison sentence in Indiana" "and (2) whether the defendant has shown good cause for failing to raise this issue on direct review." *People v Cowan*, 497 Mich 977; 860 NW2d 621 (2015). We remand for further proceedings. [1]

On August 16, 2007, defendant was sentenced to five years' probation, with 11 months to be served in jail, after pleading guilty to one count of third-degree home invasion, MCL 750.110a(4). While on probation, defendant was charged in Indiana with three counts of sexual misconduct with a minor, and he was ultimately sentenced on February 25, 2008, to ten years' imprisonment in Indiana. A probation violation warrant was issued in Michigan on January 4, 2008, based on those charges and the subsequent conviction. Defendant was immediately

---

[1] This Court denied defendant's delayed application for leave to appeal, which was based upon a purported sentencing error. *People v Cowan*, unpublished order of the Court of Appeals, entered April 27, 2012 (Docket No. 308314). Our Supreme Court declined to grant defendant's application for leave to appeal that order in 492 Mich 870; 819 NW2d 877 (2012).

arrested on the probation violation warrant upon his release from prison in Indiana on August 19, 2011. He was found guilty of violating his probation and his probation was thereafter revoked and he was sentenced to three to five years' imprisonment. As previously indicated, the trial court denied defendant's motion for relief from judgment. We now consider only the two specific questions directed to us for review by the Supreme Court.

"This Court reviews for an abuse of discretion a trial court's denial of a defendant's motion for relief from judgment." *People v Fonville*, 291 Mich App 363, 375-376; 804 NW2d 878 (2011). "An abuse of discretion occurs when the decision results in an outcome falling outside the range of principled outcomes." *Id*. at 376. Constitutional issues are reviewed de novo. *People v Jones*, 260 Mich App 424, 427; 678 NW2d 627 (2004).

The revocation of an individual's parole or probation is a deprivation of liberty within the meaning of the Fifth and Fourteenth Amendments and, therefore, must be preceded by due process. *Morrissey v Brewer*, 408 US 471, 481-483; 92 S Ct 2593; 33 L Ed 2d 484 (1972). And, present incarceration does not deprive someone of his or her right to a prompt trial. *Smith v Hooey*, 393 US 374, 377-383; 89 S Ct 575; 21 L Ed 2d 607 (1969). These constitutional protections apply not only to determinations of guilt but also to discretionary determinations, including the revocation of one's parole or probation. *Morrissey*, 408 US at 480-484.

In review of defendant's motion for relief from judgment, the Supreme Court directed this Court to "compare *People v Ortman*, 209 Mich App 251[; 530 NW2d 161] (1995), and *People v Diamond*, 59 Mich App 581[; 229 NW2d 857] (1975), with *Moody v Daggett*, 429 US 78; 97 S Ct 274; 50 L Ed 2d 236 (1976)[.]" In *Diamond*, 59 Mich App at 582, the defendant pleaded guilty to attempted breaking and entering and was sentenced on April 2, 1971, to one year in the Detroit House of Correction. A warrant for the defendant's arrest was issued on May 17, 1971, based on an alleged probation violation. *Id*. at 582-583. The defendant was released from the Detroit House of Correction on December 29, 1971, and over two years later, on March 16, 1974, he was arraigned on the May 17, 1971, warrant. *Id*. at 583. The *Diamond* Court indicated that the defendant had raised two issues on appeal, the second of which is relevant to this appeal: "Where there has been a warrant issued for probation violation must it be executed with due diligence?" *Id*. at 585. The Court noted that "Michigan jurisprudence has recognized that a warrant for an alleged parole violation must be executed with reasonable dispatch." *Id*. Recognizing that "defendant's use of an assumed name" while on probation "was presumably to prevent probation revocation proceedings from being initiated against him," the Court nonetheless concluded that "there are many questions left unanswered by the record." *Id*. at 587. Accordingly, the Court remanded the matter for a hearing to determine "whether the probation authorities acted with reasonable dispatch under all the circumstances." *Id*. at 587-588.

In *Ortman*, 209 Mich App at 253, the defendant pleaded guilty to attempted uttering and publishing and was sentenced on April 9, 1990, to three years' probation, with the first year to be served in jail. However, due to his successful completion of a drug rehabilitation program, the balance of his jail sentence was suspended, and he was released. *Id*. Thereafter, the court issued a bench warrant on July 9, 1991, based on an alleged probation violation. *Id*. Nearly two years later, on May 28, 1993, the defendant was arrested on an unrelated warrant. *Id*. On June 18, 1993, the defendant moved to quash the July 9, 1991, warrant because of the delay in its execution. *Id*. *Ortman* summarized *Diamond* and its progeny as follows:

In *People v Diamond*, 59 Mich App 581, 587; 229 NW2d 857 (1975), this Court first announced the rule that once a warrant for probation violation has been issued, the probation authorities must exercise due diligence in executing it. If there is a determination that the probation authorities did not act with reasonable dispatch under all the circumstances, then there is a waiver of the probation violation. *Id*., p 588. This rule has been consistently followed by this Court. *People v Gunner*, 61 Mich App 569, 570; 233 NW2d 87 (1975); *People v Henry*, 66 Mich App 394, 397; 239 NW2d 384 (1976); *People v Miller*, 77 Mich App 381, 384; 258 NW2d 235 (1977); *People v Hanson*, 178 Mich App 507, 510; 444 NW2d 175 (1989); *People v Ritter*, 186 Mich App 701, 709; 464 NW2d 919 (1991). [*Ortman*, 209 Mich App at 254.]

To determine whether a warrant was executed with the requisite due diligence, courts will consider several factors including "the length of the delay, the reason for the delay, and the prejudice to the defendant." *Id*. at 255. Further, a probationer's own responsibility for the delay mitigates against a finding of a lack of due diligence. *Id*. at 256.

Here, it is undisputed that the warrant for the alleged probation violation was issued on January 4, 2008, and executed on August 19, 2011, approximately three-and-a-half years later. There is nothing in the record explaining the cause of this delay. Accordingly, we remand to the trial court for an evidentiary hearing to determine "whether the probation authorities acted with reasonable dispatch under all the circumstances." *Diamond*, 59 Mich App at 588. If they did, defendant's conviction and sentence should be affirmed; if they did not, "then the court should find there has been a waiver of the probation violation in the instant matter." *Id*. See also *Henry*, 66 Mich App at 397-399 (concluding that the probation authorities' delay in executing a warrant on an incarcerated probation violator until the last day of another sentence required an evidentiary hearing to determine whether they acted with due diligence); *In re Evans*, 18 Mich App 426, 432-434; 171 NW2d 499 (1969) (concluding that a parole board's delay in executing a warrant on an incarcerated parole violator in federal prison constituted a waiver of the violation).

This conclusion is not affected by *Moody v Daggett*, 429 US 78; 97 S Ct 274; 50 L Ed 2d 236 (1976). In that case, a federal parolee was serving time for a crime committed while he was on parole and for which clearly constituted a violation of his parole. While a parole violator warrant was issued and lodged with the prison where he was serving time as a detainer (a "hold"), the defendant was not served with the same. *Id*. at 80. The defendant sought immediate execution of the warrant, so that any time imposed for his parole violation could be served concurrent with his current sentence and the parole board refused, indicating its intent to execute the warrant only on the defendant's release from his current sentence. *Id*. at 80-81. The United States Supreme Court held "that there is no requirement for an immediate [parole revocation] hearing." *Id*. at 86. It explained that because "the loss of liberty as a parole violator does not occur until the parolee is taken into custody under the warrant," there is "no constitutional duty to provide [an incarcerated defendant] an adversary parole hearing until he is taken into custody as a parole violator by execution of the warrant." *Id*. at 89. *Moody*, then, addressed the deferral of a parole revocation decision by the parole board and determined that such deferral does not deprive a defendant of any liberty interest that occurred because of the parole violation warrant issuance and detainer. Moreover, the "appropriate analysis of our [state] constitution does not begin from the conclusive premise of a federal floor." *Sitz v Dep't of State Police*, 443 Mich

744, 762; 506 NW2d 209 (1993). Instead, we recognize that "because the texts were written at different times by different people, the protections afforded may be greater, lesser, or the same." *Id.* It appears that the due process protections afforded by the Michigan constitution with respect to the issue at hand are, as interpreted, greater than those afforded by the federal constitution.

We also conclude that defendant has shown good cause for failing to raise this issue on direct review. MCR 6.508 addresses post-appeal relief and subsection (D)(3) states the following:

> The court may not grant relief to the defendant if the motion . . . alleges grounds for relief, other than jurisdictional defects, which could have been raised on appeal from the conviction and sentence or in a prior motion under this subchapter, unless the defendant demonstrates
>
> (a) good cause for failure to raise such grounds on appeal or in the prior motion . . . .

\* \* \*

" 'Cause' for excusing procedural default is established by proving ineffective assistance of appellate counsel, pursuant to the standard set forth in *Strickland v Washington*, 466 US 668; 104 S Ct 2052; 80 L Ed 2d 674 (1984), or by showing that some external factor prevented counsel from previously raising the issue." *People v Reed*, 449 Mich 375, 378; 535 NW2d 496 (1995).

After reviewing the record, appellate counsel had the necessary legal authority to argue defendant was entitled to relief from judgment based on the State of Michigan's failure to execute the probation violation while defendant was incarcerated in Indiana. Although the failure to assert all arguable claims does not overcome the presumption that appellate counsel's assistance was effective, given that defendant had previously raised arguments relating to the probation authorities' due diligence before the trial court the argument should have been raised by appellate counsel in the delayed application(s) for leave to appeal. *Reed*, 449 Mich at 391.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Michael J. Talbot
/s/ Kirsten Frank Kelly
/s/ Deborah A. Servitto