*In re* COBOS.

CRIMINAL LAW—VIOLATION OF PROBATION—WRITTEN CHARGES—
WAIVER.

Defendant who had been convicted on a charge of indecent
liberties with a female child, placed on 3-year probation,
about 2 years later convicted of assault and battery upon
a 10-year-old girl, a week later brought before the same
court and, while represented by counsel and orally charged
by the clerk of the court with violation of his order of
probation, failed to make demand for written charges as to
violation of probation to which statute entitled him, waived
such right, hence revocation of order of probation and
sentence by such court was valid and legal, there being proof
of such violation and no surprise in regard thereto (CL
1948, § 771.4).

Habeas corpus by Macario Cobos with certiorari
to Recorders Court for the City of Detroit to ob-
tain his release from State prison of southern Mich-
igan. Submitted October 31, 1949. (Calendar No.
44,588.) Writ denied January 9, 1950.

*Jesse Drake* and *Chas. A. Bryan,* for plaintiff.

*Stephen J. Roth,* Attorney General, *Edmund E.
Shepherd,* Solicitor General, *Gerald K. O'Brien,*
Prosecuting Attorney, and *George W. Miller,* As-
sistant Prosecuting Attorney, for the people.

REFERENCES FOR POINTS IN HEADNOTES
15 Am Jur, Criminal Law, §§ 496, 498, 500.
Right to notice and hearing before revocation of suspension of
sentence, parole, or conditional pardon. 54 ALR 1471; 132 ALR
1248.

DETHMERS, J.   This is an original proceeding by
writ of habeas corpus and ancillary writ of certiorari
to test the legality of the present detention of the
defendant, Macario Cobos, in the State prison of
southern Michigan.

Upon his conviction in the recorder's court for the
city of Detroit of the crime of taking indecent liber-
ties with a female child defendant was placed on
probation on May 29, 1947, for a period of 3 years.
On April 15, 1949, he was convicted in that court of
assault and battery upon a 10-year-old girl and sen-
tenced to serve 90 days in the Detroit house of cor-
rection.   On April 22, 1949, he was brought before
said court, which thereupon revoked his probation
and sentenced him to serve a term of from 5 to 10
years in said prison because of a violation of the
terms of his probation; *viz.*, the assault and battery
of which he had been convicted.

Defendant contends that his detention is illegal
in that the recorder's court was without jurisdiction
to revoke the order of probation and to impose the
sentence under which he is now imprisoned because
defendant was not first furnished "a written copy
of the charges against him which constituted the
claim that he violated his probation," to which he
was entitled under the provisions of CL 1948, § 771.4
(Stat Ann 1947 Cum Supp § 28.1134), nor was a
written copy of such charges filed.   Defendant urges
that the filing and serving of such written charges
upon him was mandatory under the statute.

The record discloses that when, on April 22, 1949,
defendant was brought before the recorder's court
he was then and there represented by 2 able coun-
sel, that when his case was called counsel responded
for him and that the following occurred:

*"The Clerk:* The People *v.* Macario Cobos.
*"Mr. Pliskow* (defendant's attorney): Right here.
*"The Clerk:* You are charged with violation of

your probation. How do you plead, guilty or not guilty?

"*Mr. Pliskow:* We stand mute.

"*The Court:* Enter a plea of not guilty. Swear them.

"*The Clerk:* Ready for trial today?

"*Mr. Pliskow:* Ready for trial right now.

"(All parties duly sworn by the Clerk.)

"*The Court:* What about this?

"*Mr. Roy Doherty:* I am returning him back to your Honor. He was placed on probation May 29, 1947, for a period of 3 years on the charge of indecent liberties. He was before your Honor again on April 15th, this year, on a charge of indecent liberties, reduced to assault and battery, and sentenced to 90 days on that offense."

After questioning of the probation officer by the defendant's attorney, the following occurred:

"*The Court:* Is there any defense to this matter?

"*Mr. Pliskow:* Except he denied the alleged offense which your Honor found him guilty of, the assault and battery."

Colloquy followed between court and counsel concerning defendant's first conviction, his probation and his conviction of assault and battery, after which the following occurred:

"*The Court:* Anything else anybody wants to say?

"*Mr. Drake:* I am here with the knowledge and consent of Mr. Pliskow, and there are a few things about this man I would like to state to the Court, with your Honor's permission.

"*The Court:* Go right ahead.

"(Argument by Judge Drake off the record.)

"*The Court:* Of course, this court did give him one chance; put him on 3 years probation, and he violated it.

"If there is nothing further, the sentence of this court is that you, Macario Cobos, be confined in the

State prison of southern Michigan, at Jackson, for a period of 5 years, as a minimum, the maximum being 10 years, without recommendation."

While defendant was clearly entitled, under the statute, to a written copy of the charges against him which constituted the claim that he had violated his probation, under the circumstances presented by this record, disclosing that he was represented by 2 able counsel, that he was charged by the clerk of the court orally with having violated the terms of his probation, that his counsel made no demand for a written copy of the charges against defendant and announced that they were ready for trial "right now," that the substance of the violation of the terms of his probation consisted of the assault and battery of which he had been convicted a few days previously in that very court and that, after testimony for the people, in response to the inquiry of the court, "Is there any defense to this matter?" defendant's counsel replied to the effect that there was none except that defendant denied his guilt of the assault and battery charge, it must be concluded that defendant's counsel, fully conversant with his right to a written copy of the charges, deliberately and knowingly waived that right, and that he was not misled nor were his rights in any manner prejudiced by his lack of a written copy of the charges, since he was manifestly aware of his conviction of record in that same court on the assault and battery charge and could not be said to have been taken by surprise in regard thereto. The revocation of the order of probation and imposition of sentence by the recorder's court was valid and legal. Defendant's release is denied and the writ dismissed.

BOYLES, C. J., and REID, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.