PEOPLE v HALLAWAY

CRIMINAL LAW—PROBATION REVOCATION—UNTRIED CHARGES—180-
DAY RULE.

    A probation revocation proceeding is not governed by the stat-
ute requiring that an inmate be tried on an untried warrant
within 180 days after the Department of Corrections sends
the prosecuting attorney written notice of the place of the
inmate's imprisonment because a probation revocation proceed-
ing is not an untried warrant, indictment, information or com-
plaint, probation having followed a finding of defendant's
guilt, and a probation revocation hearing is not a criminal
prosecution (MCLA 780.131).

Appeal from Wayne, Victor J. Baum, J. Submit-
ted Division 1 January 10, 1972, at Detroit. (Docket
No. 11207.) Decided February 29, 1972.

John Hallaway was convicted, on his plea of
guilty, of attempted uttering and publishing and
placed on probation. Probation revoked; defendant
sentenced to prison. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *William L. Cahalan,*
Prosecuting Attorney, *Dominick R. Carnovale,*
Chief, Appellate Department, and *Gerard A. Poehl-
man,* Assistant Prosecuting Attorney, for the people.

REFERENCE FOR POINTS IN HEADNOTE
59 Am Jur 2d, Pardon and Parole § 90 *et seq.*

*Richard M. Lustig,* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

PER CURIAM. Defendant pled guilty to the charge of "attempted uttering and publishing" in the Wayne County Circuit Court on November 30, 1967. The court accepted defendant's plea and sentenced him to three years' probation on January 2, 1968. On April 14, 1970, defendant was convicted of attempted larceny in a building in the Oakland County Circuit Court and was sentenced to serve from 1–1/2 to 2 years in prison.

On October 28, 1970, probation violation proceedings began against the defendant with the issue of a bench warrant. Subsequently, on November 24, 1970, the Wayne County Circuit Court revoked defendant's probation and sentenced him to serve from two to five years in prison. This sentence was concurrent with that imposed by the Oakland County Circuit Court, and it was further ordered that all time which defendant had spent in custody be credited towards this sentence.

Defendant appeals from this sentence and argues that the Wayne County Circuit Court had no jurisdiction to impose sentence, given, that defendant had been incarcerated for more than 180 days before probation revocation proceedings had begun. The defendant argues that probation revocation proceedings fall within the ambit of the following statutory language:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or com-

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

plaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate * * * ." MCLA 780.131; MSA 28.969(1).

Failure to comply with this statute would compel dismissal with prejudice of any such outstanding charge (MCLA 780.133; MSA 28.969[3]).

We cannot agree that probation revocation proceedings fall within this statute. First, a sentence to probation follows a finding of guilt—a final judgment which may be appealed. *Calhoun v Macomb Circuit Judge,* 15 Mich App 416 (1968). This is, therefore, not an untried charge, warrant, or indictment, but a final judgment of guilt; the extent to which the defendant will be punished is contingent upon his conduct. As the Supreme Court of New York, Appellate Division, stated:

"A charge of violation of probation is not in our opinion an 'untried indictment, information or complaint' * * * ." *People v Batalias,* 35 App Div 2d 740, 741; 316 NYS 2d 245, 246 (1970).

Second, a probation revocation hearing is not a criminal prosecution. *People v Wood,* 2 Mich App 342 (1966). Defendant's argument must therefore fail.

While we affirm the imposition of sentence following the probation revocation hearing, we do not wish to be understood as condoning proceedings so long delayed. Had the defendant not been given the benefit of time served on the first sentence towards the second, this Court would have considered whether

*In Re Evans,* 18 Mich App 426 (1969) (where this Court held that an allegedly delinquent parolee has a right to have the parole board exercise reasonable diligence in seeking to have a revocation hearing), could or should be applied to a probation revocation hearing.

Affirmed.