PEOPLE v DIAMOND

1. CRIMINAL LAW—PROBATION REVOCATION—UNTRIED CHARGES—180-DAY RULE—STATUTES.

   The statutes requiring that an inmate of a penal institution be brought to trial on an untried warrant, indictment, information or complaint within 180 days after the Department of Corrections has made a request for final disposition upon the prosecuting attorney of the county in which the untried charge is pending are not applicable to a probation revocation proceeding (MCLA 780.131, 780.133).

2. APPEAL AND ERROR—PROBATION VIOLATION—CONVICTION—APPEAL OF RIGHT.

   A defendant may appeal as a matter of right a determination that he has violated his probation.

3. CRIMINAL LAW—PROBATION—PROBATION VIOLATION—PAROLE—PAROLE VIOLATION—ARREST—WARRANT—EXECUTION—DUE DILIGENCE—WAIVER.

   A warrant for either an alleged parole violation or an alleged probation violation must be executed with due diligence; failure of the authorities to proceed with due diligence results in a waiver of the violation.

Appeal from Recorder's Court of Detroit, Joseph A. Gillis, J. Submitted Division 1 January 9, 1975, at Detroit. (Docket No. 20503.) Decided March 13, 1975. Leave to appeal denied, 394 Mich 824.

Franklin Diamond was convicted, on his plea of guilty, of assault with intent to rob being armed and he was placed on probation. Probation re-

REFERENCES FOR POINTS IN HEADNOTES

[1–3] 21 Am Jur 2d, Criminal Law §§ 566–568.

Right to notice and hearing before revocation of suspension of sentence, parole, conditional pardon, or probation. 29 ALR2d 1074.

voked. Defendant appeals. Remanded with instructions.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Robert M. Morgan,* Assistant Prosecuting Attorney, for the people.

*George Stone,* for defendant.

Before: QUINN, P. J., and BASHARA and R. M. MAHER, JJ.

BASHARA, J. Defendant appeals a conviction revoking his probation. Defendant, on March 11, 1969, was convicted on his plea of guilty of assault with intent to rob being armed. He was sentenced on June 3, 1969 to five years probation, the first six months to be served in the Detroit House of Correction.

On February 1, 1971, defendant was arrested under the name of Jeffery D. Eckford on the charge of breaking and entering an occupied dwelling. Throughout most of the proceeding, being case number 71-00982, defendant was known as Jeffery D. Eckford.

On February 17, 1971, defendant pled guilty to attempted breaking and entering with intent to commit larceny. At that guilty plea proceeding, he testified under oath that he was not on probation.

On April 2, 1971, defendant was sentenced, for his attempted breaking and entering with intent to commit larceny conviction, to serve one year in the Detroit House of Correction.

On May 17, 1971 a warrant for probation violation with respect to the instant case was issued.

The notice listed as the alleged probation violations:

"1. Defendant has not reported since 10-23-70.

2. Defendant moved without notifying the probation department (Absconder)."

On December 29, 1971, defendant was released from the Detroit House of Correction after serving his sentence in case No. 71-00982.

On March 16, 1974, defendant was arraigned on the May 17, 1971 probation violation warrant. At a probation revocation hearing held on March 18, 1974, defendant was found guilty of violating his probation for failing to report to his probation officer and was sentenced to serve 10 to 20 years in prison.

Defendant, on appeal, raised the two issues which will be discussed *seriatim.*

I. Did the trial court have jurisdiction to proceed on the probation violation warrant?

MCLA 780.131; MSA 28.969(1), the "180-day rule", provides:

"Whenever the department of corrections shall receive notice that there is pending in this state any untried warrant, indictment, information or complaint setting forth against any inmate of a penal institution of this state a criminal offense for which a prison sentence might be imposed upon conviction, such inmate shall be brought to trial within 180 days after the department of corrections shall cause to be delivered to the prosecuting attorney of the county in which such warrant, indictment, information or complaint is pending written notice of the place of imprisonment of such inmate and a request for final disposition of such warrant, indictment, information or complaint. The request shall be accompanied by a statement setting forth the term of commitment under which the prisoner is being

held, the time already served, the time remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner and any decisions of the parole board relating to the prisoner. The written notice and statement provided herein shall be delivered by certified mail."

The consequences for failing to follow it are, MCLA 780.133; MSA 28.969(3):

"In the event that, within the time limitation set forth in section 1 of this act, action is not commenced on the matter for which request for disposition was made, no court of this state shall any longer have jurisdiction thereof, nor shall the untried warrant, indictment, information or complaint be of any further force or effect, and the court shall enter an order dismissing the same with prejudice."

We must determine whether the above statutes apply to probation revocation proceedings.

Our Court in *People v Hallaway,* 39 Mich App 74; 197 NW2d 335 (1972), held that probation revocation proceedings are not within the scope of the "180-day statute". In *Hallaway, supra,* the Court reasoned that a charge of probation violation is not an "untried warrant, indictment, information or complaint" as it follows a final judgment. It was also noted that a hearing of this type is not a criminal prosecution. We agree with the reasoning in *Hallaway, supra,* and would further add that MCLA 780.131; MSA 28.969(1) directs the prosecutor to initiate proceedings against the defendant. Probation revocation proceedings are not initiated by the prosecution; they are initiated by the court and the probation department. MCLA 771.4; MSA 28.1134. Further, the "180-day statute" applies to "untried warrants". In our opinion "untried" refers to matters which can be brought

to a full trial. In a probation revocation proceeding the trial has been held and the defendant has been convicted. For an alleged violation of probation, a defendant is entitled to a "hearing" which "shall be summary and informal and not subject to the rules of evidence or of pleadings applicable in criminal trials".[1]

Defendant contends *People v Pickett,* 391 Mich 305; 215 NW2d 695 (1974), overruled *People v Hallaway, supra.* We do not agree. The Supreme Court in *Pickett, supra,* held that a defendant, after conviction for violating his probation, may appeal that determination as a matter of right. It stands only for that proposition. We hold that MCLA 780.131; MSA 28.969(1) does not apply to untried warrants in a probation revocation proceeding.

II. Where there has been a warrant issued for probation violation must it be executed with due diligence?

Michigan jurisprudence has recognized that a warrant for an alleged parole violation must be executed with reasonable dispatch. In *In re Evans,* 18 Mich App 426; 171 NW2d 499 (1969), the defendant was released on parole in May of 1958. He was convicted for violating the Federal narcotic laws in February of 1959. He prevailed in an appeal of that conviction and upon retrial in 1962 was again convicted. A parole violation warrant was issued on May 4, 1959, but was not executed until April of 1965 when defendant was released by the Federal authorities.[2]

---

[1] MCLA 771.4; MSA 28.1134.

[2] We are cognizant of the split of authority as to whether authorities must execute a warrant while the defendant is incarcerated or whether they may wait until defendant is released, and then execute the warrant. *Fitzgerald v Sigler,* 372 F Supp 889 (D DC, 1974); *Cook v United States Attorney General,* 488 F2d 667 (CA 5, 1974).

The Court in *Evans, supra,* 432 stated:

"Although a parole revocation hearing is not a trial with full constitutional implications, certainly we think the allegedly delinquent parolee has a right to have the parole board exercise reasonable diligence in seeking to hold a revocation hearing. If he is at large and if the parole board has knowledge of his whereabouts, either actual or constructive, it must seek to execute its warrant within a reasonable time."

In *Greene v Michigan Department of Corrections,* 315 F2d 546, 547–548 (CA 6, 1963), over 9-1/2 years had elapsed from the time a warrant for parole violation was issued and its execution. The Court stated:

"When there has been a violation of the conditions of a parole, the parole authorities, if they desire to take advantage of it, should proceed with reasonable diligence to issue and execute a warrant for the arrest of the parolee. Failure to do so may result in a waiver of the violation and loss of jurisdiction. (Citations omitted.)

"Michigan recognizes this rule where the parole authorities have actual knowledge of the parolee's whereabouts. *In re Carpenter,* 348 Mich 408; 83 NW2d 326 (1957), and *In re Colin,* 337 Mich 491; 60 NW2d 431 (1953), but not merely constructive knowledge, *In re Ginivalli,* 336 Mich 101; 57 NW2d 457 (1953) (18 years delay in executing warrant held proper). We think knowledge may be actual or constructive."

We recognize the above cited cases concern parole violations, while the instant case involves a probation violation. However, we think the considerations of *Evans, supra,* and *Greene, supra,* are equally applicable to probation proceedings.[3] We

---

[3] In *People v Hallaway, supra,* the Court observed that the due diligence requirement in executing a warrant against an alleged parole violator could possibly be applied to probation proceedings.

thus adopt the rule announced in those cases and hold once a warrant for probation violation has been issued, the probation authorities must exercise due diligence in executing it.[4]

As noted earlier the warrant for probation violation was issued on May 17, 1971. Defendant was imprisoned on the breaking and entering conviction from at least April 2, 1971, when he was sentenced, until December 29, 1971. A hearing on his probation violation was held on March 19, 1974. The prosecutor argues the delay in hearing the charges was attributable solely to defendant's misdeeds. He asserts that through the entire breaking and entering proceedings defendant used the assumed name of Jeffery D. Eckford. Defendant argues the Recorder's Court Order of Conviction and Sentence dated April 2, 1971 shows it was known that defendant was really Franklin Diamond using Jeffery Eckford as an alias.

Much has been said by both parties of defendant's use of an assumed name. It does, indeed, seem fairly apparent defendant was trying to conceal his true identity and that he was on probation. This was presumably to prevent probation revocation proceedings from being initiated against him.

However, there are many questions left unanswered by the record. Who discovered, toward the end of the breaking and entering proceedings, that Jeffery D. Eckford was really Franklin Diamond, and who entered that information in the record?

---

[4] We are not unmindful of the United States Supreme Court's holding in *Morrissey v Brewer,* 408 US 471, 92 S Ct 2593; 33 L Ed 2d 484 (1972), and *Gagnon v Scarpelli,* 411 US 778, 93 S Ct 1756; 36 L Ed 2d 656 (1973), where it was held a defendant was entitled to a preliminary and final examination within a reasonable time after he is in custody. These cases however, do not address whether a warrant issued for a probation violation must be executed within a reasonable time before the defendant is imprisoned.

To whom, if any one, was the discovery communicated? The police? The prosecutor? The probation department? Should it have been communicated to anyone?

We further note the record is silent on why defendant was not arrested for 2-1/2 years after his release from prison in the breaking and entering conviction.

We, therefore, order a hearing be conducted to examine all the facts and circumstances of this case. Upon remand the court must determine what effort, if any, was made to execute the 1971 warrant. The defendant submits that the Order of Conviction and Sentence dated April 4, 1971 contained the name "Franklin Diamond, a/k/a Jeffery D. Eckford". However, this order is not a part of the record before us. The trial court should also determine the content of that order for this record, and whether the Recorder's Court had notice of the alias at the time of the sentence procedure in case No. 71-00982. If so, the court should determine why no hold was placed upon the defendant at that time. The court should also determine from all the evidence whether the probation authorities acted with reasonable dispatch under all the circumstances.

If the trial court finds they did not, then the court should find there has been a waiver of the probation violation in the instant matter. On the other hand, if the court should find the authorities were diligent in their pursuit of defendant, then his conviction should be affirmed.

Remanded for proceedings consistent with this opinion. We retain no further jurisdiction.