PEOPLE v HENRY

1. CRIMINAL LAW—PROBATION REVOCATION—WRITTEN NOTICE—
WAIVER.

Absent a deliberate waiver due process requires that a proba-
tioner shall be entitled to a written copy of the charges against
him which constitute a claim that he violated his probation.

2. CRIMINAL LAW—PROBATION VIOLATION—WARRANTS—DUE DILI-
GENCE—WAIVER—RETROACTIVITY.

A Court of Appeals decision holding that a warrant for an alleged
probation violation must be executed with due diligence and
that failure of the authorities to proceed with due diligence
results in a waiver of the violation is effective retroactively to
January 10, 1972, at which time another decision of the Court
of Appeals placed probation authorities on notice that undue
delay in acting on charges of probation violation would not be
tolerated.

3. JUDGMENT—RETROACTIVITY—CRITERIA FOR DETERMINATION.

The three criteria for determining whether a court decision
operates retroactively are: (1) the purpose of the new standard;
(2) the justified reliance on the old standard; and (3) effect on
the administration of justice if the new test is applied retroac-
tively.

Appeal from Recorder's Court of Detroit, James
Del Rio, J. Submitted October 8, 1975, at Detroit.
(Docket No. 20996.) Decided January 6, 1976.
Leave to appeal denied, 396 Mich —.

Cordell E. Henry was convicted of unlawfully

REFERENCES FOR POINTS IN HEADNOTES

[1] 21 Am Jur 2d, Criminal Law §§ 567, 568.
Right to notice and hearing before revocation of suspension of
sentence, parole, conditional pardon, or probation. 29 ALR2d
1074.

[2, 3] 20 Am Jur 2d, Courts §§ 85, 231 et seq.
Power of court to prescribe rules of pleading, practice, or procedure.
110 ALR, s. 158 ALR 705.

driving away an automobile and placed on probation. From a judgment finding him guilty of violating probation, defendant appeals by leave granted. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals, and *Raymond P. Walsh,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: R. M. Maher, P. J., and Bronson and T. M. Burns, JJ.

R. M. Maher, P. J. Defendant was placed on 3 years probation after his conviction for unlawfully driving away an automobile. While on probation, he was convicted of attempted uttering and publishing and sentenced to 2 years probation, the first 6 months to be served in the Detroit House of Corrections. Because of the second conviction, defendant was found guilty of violating probation for the first conviction and sentenced to a term of from 2 to 5 years in prison to run concurrently with the sentence imposed for attempted uttering and publishing. Defendant appeals, raising two issues of merit.

I

Defendant claims the trial court committed reversible error when it failed to give him a written copy of the charges constituting violation of his probation. MCLA 771.4; MSA 28.1134 provides, "[t]hat the probationer shall be entitled to a writ-

ten copy of the charges against him which consti-
tute the claim that he violated his probation". The
trial court in the present case did fail in this
regard, but plaintiff maintains, on the authority of
*In re Cobos,* 326 Mich 537; 40 NW2d 717 (1950),
that the error was not prejudicial.

Defendant, in the case of *In re Cobos, supra* at
538, claimed that because he was not afforded his
statutory right to "a written copy of the charges
against him which constituted the claim that he
violated his probation", the trial court "was with-
out jurisdiction to revoke the order of probation
and to impose the sentence under which he [was]
imprisoned". The Michigan Supreme Court "con-
cluded [from the record] that counsel [for defend-
ant Cobos] were aware of their client's right to be
served with a written copy of the charges". *In re
McLeod,* 348 Mich 434, 439; 83 NW2d 340 (1957).
The Court found, therefore, that failure by counsel
to request written notice of the claimed violation,
when coupled with their announcement that they
were ready to proceed and the fact that defendant
was convicted a few days earlier of the offense
which was the substance of defendant's probation
violation, constituted a deliberate waiver of de-
fendant's statutory right. See *In re McLeod, supra.*
The Court could see no prejudice to defendant and
dismissed his writ of habeas corpus.

Notwithstanding, the United States Supreme
Court decided in *Morrissey v Brewer,* 408 US 471;
92 S Ct 2593; 33 L Ed 2d 484 (1972), as applied to
probation revocation proceedings in *Gagnon v
Scarpelli,* 411 US 778, 93 S Ct 1756; 36 L Ed 2d
656 (1973), the minimum due process requirements
for a probation revocation hearing:

"They include (a) *written notice of the claimed viola-
tions of [probation];* (b) disclosure to the [probationer] of

evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a 'neutral and detached' hearing body * * * ; and (f) a written statement by the factfinders as to the evidence relied on and reasons for revoking [probation]." *Morrissey. v Brewer, supra,* 408 US at 489. (Emphasis supplied.)

Regardless, therefore, of defendant's rights under MCLA 771.4; MSA 28.1134, due process requires that he receive written notice of the claimed violations of probation and we can find no express waiver of that right on this record.

## II

The next question is whether defendant had a right to have the probation revocation hearing held within a reasonable time after the violation occurred and whether the failure to conduct such a hearing until 6 months had elapsed constituted an abridgment of that right.

On the attempted uttering and publishing conviction, defendant was sentenced to 2 years probation with the first 6 months to be served in the Detroit House of Corrections. The probation authorities did not serve defendant with the warrant for probation violation until the last day of the 6-month term. This Court has recently held that a warrant for an alleged probation violation must be executed with due diligence and that failure on the part of the authorities to proceed with due diligence results in a waiver of the violation. *People v Diamond,* 59 Mich App 581; 229 NW2d 857 (1975), *lv den,* 394 Mich 824 (1975). It is difficult for us to imagine that the probation authorities

were ignorant of defendant's incarceration and that they were unable to execute the warrant until the day of his release. However, that is a question for the trial court.

We recognize that the decision in *People v Diamond, supra,* was released some 10 months after defendant was found guilty of probation violation. We believe, however, that the rule set out in *Diamond, supra,* should apply to the case at bar. The three criteria for determining retroactivity are: (1) the purpose of the new standard; (2) the justified reliance on the old standard; and (3) effect on the administration of justice if the new test is applied retroactively. *People v Fields,* 391 Mich 206; 216 NW2d 51 (1974).

The obvious purpose of the new rule is to assure probationers speedy disposition of probation violation charges. Any claim of justifiable reliance by probation authorities upon a practice of waiting a period of time before executing a warrant would not be convincing, particularly not since the release of this Court's decision in *People v Hallaway,* 39 Mich App 74; 197 NW2d 335 (1972). There we stated:

"While we affirm the imposition of sentence following the probation revocation hearing, we do not wish to be understood as condoning proceedings so long delayed. Had the defendant not been given the benefit of time served on the first sentence towards the second, this Court would have considered whether *In re Evans,* 18 Mich App 426 [; 171 NW2d 499] (1969) (where this Court held that an allegedly delinquent parolee has a right to have the parole board exercise reasonable diligence in seeking to have a revocation hearing), could or should be applied to a probation revocation hearing." 39 Mich App at 76–77.

*Hallaway* placed the authorities on notice that

undue delay in acting on charges of probation violation would not be tolerated and we find our decision in *Diamond* to apply to the instant case, as well as to any case following the release of the *Hallaway* decision. Any negative effect our holding might have upon the administration of justice will be far outweighed by the positive.

## III

Failure to provide defendant with written notice of the charges against him requires that the order revoking probation be set aside, the sentence vacated and defendant remanded to the custody of the trial court. The trial court will then conduct a hearing to determine from all the facts and circumstances of this case whether the 6 month time lapse between issuance of the warrant for violation of probation and its execution constituted a waiver of the violation. If the court finds that the authorities were diligent in their actions, the court will then be without prejudice to conduct a proper probation revocation hearing. We retain no further jurisdiction.