C O U R T   O F   A P P E A L S

REID COWAN,

        Plaintiff-Appellant,

v

STATE OF MICHIGAN, DEPARTMENT OF
CORRECTIONS, and EDWARD BARBER

        Defendants-Appellees.

UNPUBLISHED
May 22, 2018

No. 339618
Court of Claims
LC No. 17-000091-MM

Before: SHAPIRO, P.J., and M. J. KELLY and O'BRIEN, JJ.

PER CURIAM.

Plaintiff appeals by right the Court of Claims order granting defendant's motion for summary disposition under MCR 2.116(C)(7). We affirm the dismissal of plaintiff's state law claims. However, we vacate the dismissal of plaintiff's federal constitutional claims and remand to the trial court to reconsider the motion to dismiss in light of *Felder v Casey*, 487 US 131; 108 S Ct 2302; 101 L Ed 2d 123 (1988).

A trial court sentenced plaintiff (as a criminal defendant) to a term of probation in August 2007. In December 2007, plaintiff was arrested in Indiana and sentenced to a number of years in that state's prison system. Plaintiff's Indiana crimes violated the terms of his Michigan probation. In January 2008, on the basis of a motion and affidavit submitted by defendant Edward Barber, an arrest warrant was issued for plaintiff in Michigan based on his probation violation. In August 2011, when plaintiff was released from prison in Indiana, defendants apparently immediately arrested him for his Michigan probation violation. In September 2011, plaintiff was convicted and sentenced to up to five years' imprisonment in Michigan. Plaintiff appealed his sentence, and this Court eventually remanded the case to the trial court "for an evidentiary hearing to determine 'whether the probation authorities acted with reasonable dispatch under all the circumstances.' " *People v Cowan*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2015 (Docket No. 319132), p 3, quoting *People v Diamond*, 59 Mich App 581, 588; 229 NW2d 857 (1975). The trial court subsequently vacated plaintiff's sentence on May 23, 2016, and plaintiff was released from prison on May 25, 2016.

On September 15, 2016, plaintiff filed a Notice of Intention to File Claim (notice of intent) with the Michigan Court of Claims. On April 19, 2017, plaintiff filed a complaint against defendants in the Court of Claims, alleging "violations of the Fourth, Fourteenth, and Eighth

Amendments to the United States Constitution, for violations of Sections 16 and 17 of Article 1 of the Michigan State Constitution, and for the torts of false arrest, false imprisonment, malicious prosecution, abuse of process, negligence, and intentional and negligent infliction of emotional distress . . . ."

In June 2017, defendants filed a motion for summary disposition under MCR 2.116(C)(7), claiming governmental immunity because plaintiff failed to timely file his notice of intent as required by the Court of Claims Act, MCL 600.6401 *et seq.* Defendants argued that plaintiff was required to file a notice of intent "within 6 months following the happening of the events giving rise to the cause of action" pursuant to MCL 600.6431(3), and the events giving rise to plaintiff's causes of action happened in either August 2011 when plaintiff was arrested for his probation violation, or September 2011 when plaintiff was convicted and sentenced for his probation violation. Defendants concluded that, because plaintiff did not file his notice of intent until September 2016, plaintiff missed the six-month filing deadline by over four years, and, therefore, his complaint must be dismissed.

In response, plaintiff argued the happening of the event giving rise to his cause of action was his release from prison on May 25, 2016. Plaintiff contended that "[a]ll elements for a tort or constitutional tort must be complete before the" time for filing notice begins to run, and that the harm to plaintiff was not complete until he was released from prison. Plaintiff concluded that, therefore, "Defendants do not select the proper date at which the" time for filing notice "began to run in this action," and that plaintiff's notice of intent was timely when properly measured from his prison release date.

The Court of Claims agreed with defendants that plaintiff's notice of intent was untimely. The Court of Claims reasoned as follows:

> Plaintiff's allegations focus upon the State's alleged delay in pursuing the probation violation against him, and the probation violation warrant and conviction occurred in 2011. At that point in time, the alleged delay by the State in pursuing probation violation charges had occurred and plaintiff had been incarcerated. In other words, the event giving rise to these claims occurred no later than 2011 because by that time the delay in pursuing the probation violation had occurred and his incarceration began. Thus, the events giving rise to plaintiff's causes of action all occurred during calendar year 2011.

The Court of Claims accordingly dismissed plaintiff's complaint for failing to comply with the notice provision in MCL 600.6431(3).

On appeal, plaintiff argues—as he did in the Court of Claims—that the events giving rise to his claims were not complete until he was released from prison in May 2016, and, therefore, his notice of intent was timely filed within the six-month statutory period. We disagree.

We review a lower court's decision on a motion for summary disposition de novo. *Major v Vill of Newberry*, 316 Mich App 527, 534; 892NW2d 402 (2016). "A defendant is entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of governmental immunity." *Pew v Mich State Univ*, 307 Mich App 328, 331-332, 859 NW2d 246

(2014). This Court reviews de novo whether governmental immunity applies in a particular case, *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012), and reviews de novo questions involving the interpretation and application of statues, *Linden v Citizens Ins Co of America*, 308 Mich App 89, 91; 862 NW2d 438 (2014).

Generally, governmental immunity provides that governmental agencies are immune from tort liability. *McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012). "[B]ecause the government may voluntarily subject itself to liability, it may also place conditions or limitations on the liability imposed." *Id*. One of these conditions is the notice provision in MCL 600.6431. *Id*. Absent compliance with this notice provision, a party may not maintain a claim against the state. *Id*. at 742. The notice provision provides as follows:

> (1) No claim may be maintained against the state unless the claimant, *within 1 year after such claim has accrued*, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim against the state or any of its departments, commissions, boards, institutions, arms or agencies, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.
>
> * * *
>
> (2) In all actions for property damage or personal injuries, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself *within 6 months following the happening of the event giving rise to the cause of action*. [MCL 600.6431(1) and (3) (emphasis added).]

These notice requirements apply to claims for intentional tort and state constitutional violations, see *Rusha v Dep't of Corr*, 307 Mich App 300, 311-312; 859 NW2d 735 (2014) .[1] The Michigan Supreme Court has explained that "subsection (3) . . . does not [] displace the specific requirements of subsection (1) other than the timing requirement for personal injury or property damage cases." *McCahan*, 492 Mich at 742 (emphasis omitted). Therefore, the relevant question is whether plaintiff's claims accrued within six months of his notice of intent.

We agree with the Court of Claims that plaintiff's claims accrued when he was imprisoned in 2011. All of plaintiff's claims are based upon defendants' delay in pursuing plaintiff's probation violation, and defendants pursued those violations—and subsequently incarcerated plaintiff for his violations—in 2011. These were the only actions taken by defendants that plaintiff contends gave rise to liability, and these events occurred no later than September 2011. Therefore, because plaintiff's claims all stem from his imprisonment, the event

---

[1] In *Rusha*, plaintiff's sole claim was that defendant violated the "cruel or unusual" provision of the Michigan Constitution. Const 1963, art 1, section 16.

giving rise to his claims is, logically, when he was placed in prison. And because this occurred no later than September 2011, plaintiff's claims accrued no later than September 2011, and plaintiff was required to file his notice of intent within six months of that date. Plaintiff did not file his notice of intent until September 2016. Therefore, plaintiff's notice was untimely in violation of MCL 600.6431, and the Court of Claims properly dismissed plaintiff's state causes of action. While this result may be harsh, requiring a plaintiff to provide notice is "a reasonable" and "minimal" burden that a plaintiff must meet "to advise the state of potential claims," *Rusha*, 307 Mich App at 313, and plaintiff failed to meet that burden in this case. Filing a notice of intent did not require plaintiff to file his substantive claim, which he could have waited until after his release from prison to do.

Plaintiff contends on appeal that the "event" was his incarceration, and that the "event cannot be said to have 'happened' until it is complete." In support of this contention, plaintiff points to caselaw providing that a cause of action does not accrue until all of the elements of the claim exist, and he argues that "the element of harm" did not exist until it was completed on his release date.

Plaintiff's argument appears to be a reiteration of the continuing-wrongs doctrine. "The continuing-wrongful-acts doctrine states that "[w]here a defendant's wrongful acts are of a continuing nature, the period of limitation will not run until the wrong is abated; therefore, a separate cause of action can accrue each day that defendant's tortious conduct continues." *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 81; 592 NW2d 112 (1999), quoting *Horvath v Delida*, 213 Mich App 620, 625; 540 NW2d 760 (1995). Accordingly, we reject plaintiff's argument because the continuing-wrongs doctrine has been "abrogated . . . in the jurisprudence of this state." *Marilyn Froling Revocable Living Trust v Bloomfield Hills Country Club*, 283 Mich App 264, 288; 769 NW2d 234 (2009); see also *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 282; 696 NW2d 646 (2005).

The damages that plaintiff suffered were based on his loss of liberty as a result of his imprisonment. Therefore, when plaintiff was first deprived of his liberty—meaning when he was first imprisoned—he suffered damages. At that time, all of the elements of his claim existed, and, consequently, his claim accrued. Although the *extent* of plaintiff's damages was not apparent until he was released from prison, the fact that the alleged wrong was of a continuing nature does not delay the accrual of plaintiff's cause of action. To hold otherwise would be to accept the abrogated continuing-wrongs doctrine, which we cannot do. Accordingly, plaintiff's claims accrued in 2011, and his notice of intent was untimely.

Plaintiff's federal constitutional claims[2] also accrued upon his erroneous imprisonment. As to these claims, however, there is a question, not raised by the parties, whether a state's pre-suit notice provisions apply and whether non-compliance is grounds for dismissal of such claims. "Ordinarily, we do not address issues not raised below or on appeal, or issues that were not decided by the trial court." *Tingley v. Kortz*, 262 Mich App 583, 588; 688 NW2d 291 (2004). "However, this Court possesses the discretion to review a legal issue not raised by the parties.

---

[2] Brought under 42 USC § 1983.

See *Mack v. Detroit*, 467 Mich 186, 206-209; 649 NW2d 47 (2002) (stating that "[t]he jurisprudence of Michigan cannot be, and is not, dependent upon whether individual parties accurately identify and elucidate controlling legal questions")."

Whether a state's pre-suit notice requirements apply to a federal constitutional claim is a purely legal question and was considered by the U.S. Supreme Court in *Felder v Casey*, 487 US 131; 108 S Ct 2302; 101 L Ed 2d 123 (1988). In *Felder*, the Supreme Court held that pre-suit notice provisions of state law do not apply to federal constitutional claims, stating, "enforcement of the [state] notice-of-claim statute in § 1983 actions brought in state court so interferes with and frustrates the substantive right Congress created that, under the Supremacy Clause, it must yield to the federal interest." *Id*. at 151. The Court concluded "because . . . these requirements are pre-empted as inconsistent with federal law, we reverse. *Id*. at 134.

We affirm the dismissal of plaintiff's state claims. We vacate the dismissal of plaintiff's federal constitutional claims and remand to the trial court to reconsider the motion to dismiss in light of *Felder*. We do not retain jurisdiction.

/s/ Douglas B. Shapiro
/s/ Michael J. Kelly

-5-