*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

REID COWAN,

Plaintiff-Appellant,

v

STATE OF MICHIGAN, DEPARTMENT OF CORRECTIONS,

Defendants,

and

EDWARD BARBER,

Defendant-Appellee.

UNPUBLISHED
December 10, 2019

No. 345602
Court of Claims
LC No. 17-000091-NM

Before: TUKEL, P.J., and SAWYER and RIORDAN, JJ.

PER CURIAM.

Plaintiff appeals as of right an order granting summary disposition in favor of defendants State of Michigan, Michigan Department of Corrections, and Edward Barber (Barber), and dismissing his claims under 42 USC 1983 as untimely under MCR 2.116(C)(7), based on the law of the case doctrine. On appeal, plaintiff narrows his challenge to a malicious prosecution claim against Barber and argues that the Court of Claims erred by granting summary disposition to Barber under the law of the case doctrine. We affirm.

## I. FACTUAL & PROCEDURAL BACKGROUND

The underlying facts of this case have previously been summarized by this Court in *Cowan v State of Michigan*, unpublished per curiam opinion of the Court of Appeals, issued May 22, 2018 (Docket No. 339618), p 1-2:

A trial court sentenced plaintiff (as a criminal defendant) to a term of probation in August 2007. In December 2007, plaintiff was arrested in Indiana and sentenced to a number of years in that state's prison system. Plaintiff's

-1-

Indiana crimes violated the terms of his Michigan probation. In January 2008, on the basis of a motion and affidavit submitted by defendant Edward Barber, an arrest warrant was issued for plaintiff in Michigan based on his probation violation. In August 2011, when plaintiff was released from prison in Indiana, defendants apparently immediately arrested him for his Michigan probation violation. In September 2011, plaintiff was convicted and sentenced to up to five years' imprisonment in Michigan. Plaintiff appealed his sentence, and this Court eventually remanded the case to the trial court "for an evidentiary hearing to determine 'whether the probation authorities acted with reasonable dispatch under all the circumstances.' " *People v Cowan*, unpublished per curiam opinion of the Court of Appeals, issued August 18, 2015 (Docket No. 319132), p 3, quoting *People v Diamond*, 59 Mich App 581, 588; 229 NW2d 857 (1975). The trial court subsequently vacated plaintiff's sentence on May 23, 2016, and plaintiff was released from prison on May 25, 2016.

On September 15, 2016, plaintiff filed a Notice of Intention to File Claim (notice of intent) with the Michigan Court of Claims. On April 19, 2017, plaintiff filed a complaint against defendants in the Court of Claims, alleging "violations of the Fourth, Fourteenth, and Eighth Amendments to the United States Constitution, for violations of Sections 16 and 17 of Article 1 of the Michigan State Constitution, and for the torts of false arrest, false imprisonment, malicious prosecution, abuse of process, negligence, and intentional and negligent infliction of emotional distress . . . ."

In June 2017, defendants moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to comply with the six-month notice provision, MCL 600.6431(3), of the Court of Claims Act, MCL 600.6431 *et seq*. because his claims accrued either on the date of his arrest in August 2011 or on the date of his sentence in September 2011. Accordingly, defendants argued, plaintiff's September 2016 notice of intent was filed more than four years too late. The Court of Claims agreed with defendants and granted summary disposition to them under MCR 2.116(C)(7), finding that plaintiff's claims accrued in September 2011, and thus were barred by the statute of limitations.

Plaintiff appealed that decision and this Court affirmed in part and reversed in part. *Cowan v State of Michigan*, unpublished per curiam opinion of the Court of Appeals, issued May 22, 2018 (Docket No. 339618), p 5. In analyzing plaintiff's claims, this Court began by identifying the "accrual" date of plaintiff's claims:

We agree with the Court of Claims that plaintiff's claims accrued when he was imprisoned in 2011. All of plaintiff's claims are based upon defendants' delay in pursuing plaintiff's probation violation, and defendants pursued those violations—and subsequently incarcerated plaintiff for his violations—in 2011. These were the only actions taken by defendants that plaintiff contends gave rise to liability, and these events occurred no later than September 2011. Therefore, because plaintiff's claims all stem from his imprisonment, the event giving rise to his claims is, logically, when he was placed in prison. And because this occurred

no later than September 2011, plaintiff's claims accrued no later than September 2011 . . . . [*Id.* at pp 3-4.]

After expressly concluding that "[a]ll of plaintiff's claims" "accrued no later than September 2011," this Court held that plaintiff's September 2016 notice of intent to file a claim was filed well beyond the six-month period set forth in MCL 600.6431. *Id.* Although it labeled the result as potentially "harsh," this Court nevertheless concluded that the six-month requirement was "reasonable" and "minimal" because plaintiff was only required to file a notice of intent, not a substantive claim, and because it was necessary to put the State of Michigan on notice of his purported claims. *Cowan*, unpub op at 4. In reaching this conclusion, this Court expressly rejected plaintiff's argument "that the event was his incarceration, and that the event cannot be said to have happened until it was complete." *Id.* (quotation marks omitted). Recognizing that "[p]laintiff's argument appear[ed] to be a reiteration of the continuing-wrongs doctrine," this Court expressly held that, "[a]lthough the *extent* of plaintiff's damages were not apparent until he was released from prison, the fact that the alleged wrong was of a continuing nature does not delay the accrual of plaintiff's cause of action" in violation of "the abrogated continuing-wrongs doctrine[.]" *Id.* (emphasis in original). Furthermore, this Court also expressly concluded that "[p]laintiff's federal constitutional claims also accrued upon his erroneous imprisonment." *Id.* (footnote omitted).

Although not raised by the parties, this Court also addressed and decided the issue of whether the notice requirements set forth in MCL 600.6431 apply to federal constitutional claims under 42 USC 1983. *Cowan*, unpub op at 4-5. Relying on the United States Supreme Court's opinion in *Felder v Casey*, 487 US 131; 108 S Ct 2302; 101 L Ed 2d 123 (1988), this Court held that notice provisions like those required by MCL 600.6431 do *not* apply to § 1983 claims. *Id.* at 5. In light of that decision, this Court affirmed the dismissal of plaintiff's state claims but "vacate[d] the dismissal of plaintiff's constitutional claims and remand[ed] to the trial court to reconsider the motion to dismiss in light of *Felder*." *Id.* at 5.

On remand, the Court of Claims again dismissed plaintiff's § 1983 claims as untimely. *Cowan v State of Michigan*, unpublished per curiam opinion of the Court of Claims, issued September 11, 2018 (Docket No. 17-000091-MM), p 5. The Court of Claims found that MCL 600.6431(3)'s notice requirements did not apply to § 1983 claims. Then, turning to the three-year statute of limitations that both parties agreed applied to plaintiff's § 1983 claims, the Court of Claims stated that under United States Supreme Court and Sixth Circuit caselaw, it was "inclined to agree with plaintiff that his claims accrued upon the vacating of his sentence". *Id.* at 4 n 2. Despite that inclination, however, the Court of Claims ultimately decided that it was required to dismiss plaintiff's claims under the law of the case doctrine:

> However, even if plaintiff did prove that his sentence was invalidated in accordance with [United States Supreme Court caselaw] when it was vacated in May 2016, his federal constitutional claims nevertheless accrued in September 2011 under the "law of the case" doctrine. "The law of the case doctrine holds that a ruling by an appellate court on a particular issue binds the appellate court and all lower tribunals with respect to that issue." The Court of Appeals ruled that plaintiff's federal constitutional claims "accrued upon his erroneous imprisonment" in September 2011. The Court is bound by the Court of Appeals

-3-

decision on this issue. Because plaintiff's claims accrued in September 2011, the three-year statute of limitations expired in September 2014. Plaintiff's complaint was filed in 2017, long after expiration of the statute of limitations and, therefore, it is barred. [*Id*. at 4-5 (citations omitted).]

## II. ANALYSIS

A trial court's summary disposition ruling is reviewed de novo. *Walters v Nadell*, 481 Mich 377, 381; 751 NW2d 431 (2008).

> A party may support a motion under MCR 2.116(C)(7) by affidavits, depositions, admissions, or other documentary evidence. If such material is submitted, it must be considered. MCR 2.116(G)(5). Moreover, the substance or content of the supporting proofs must be admissible in evidence . . . . Unlike a motion under subsection (C)(10), a movant under MCR 2.116(C)(7) is not required to file supportive material, and the opposing party need not reply with supportive material. The contents of the complaint are accepted as true unless contradicted by documentation submitted by the movant. [*Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999) (quotation marks and citations omitted).]

Michigan's appellate courts review a trial court's application of the law of the case doctrine de novo as well. *Ashker ex rel Estate of Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001).

## A. MCL 600.6431(3)'S NOTICE REQUIREMENT

As both parties and the Court of Claims concluded, MCL 600.6431(3)'s notice requirements generally would not bar a plaintiff's malicious prosecution claim under § 1983. In *Felder*, the United States Supreme Court held that Wisconsin's notice-of-claim statute did not apply to—and, therefore, could not preclude—a plaintiff's § 1983 claims, explaining as follows:

> In enacting § 1983, Congress entitled those deprived of their civil rights to recover full compensation from the governmental officials responsible for those deprivations. A state law that conditions that right of recovery upon compliance with a rule designed to minimize governmental liability, and that directs injured persons to seek redress in the first instance from the very targets of the federal legislation, is inconsistent in both purpose and effect with the remedial objectives of the federal civil rights law. Principles of federalism, as well as the Supremacy Clause, dictate that such a state law must give way to vindication of the federal right when that right is asserted in state court. [*Felder*, 487 US at 153.]

Because the parties agree on this issue, we see no reason to address it further.

## B. MCL 600.5805(7)'S TWO-YEAR STATUTE OF LIMITATIONS

As a general rule, the statute of limitations for personal-injury lawsuits, including lawsuits alleging claims under 42 USC 1983, is three years. See MCL 600.5805(2) ("Except as otherwise provided in this section, the period of limitations is 3 years after the time of the death or injury for all actions to recover damages for the death of a person or for injury to a person or property."); see also *McCune v Grand Rapids*, 842 F.2d 903, 905 (CA 6, 1988) ("Michigan's three year statute of limitations for personal injury claims . . . governs section 1983 actions when the cause of action arises in Michigan."). However, one of the exceptions to that general rule is for malicious prosecution claims. Under MCL 600.5805(7), "[t]he period of limitations is 2 years for an action charging malicious prosecution." Because plaintiff has narrowed his claims in this case to just his malicious prosecution claim against Barber—and because he, both below and on appeal, expressly advocates in favor of a two-year statute of limitations for this claim— we conclude that his only remaining claim is subject to a two-year statute of limitations.

## C. ACCRUAL OF MALICIOUS PROSECUTION CLAIMS

The issue then becomes when plaintiff's malicious prosecution claim accrued for purposes of applying the two-year limitations period. "[A] claim of malicious prosecution under § 1983 premised on a violation of the Fourth Amendment consists of four elements." *Radu v Herndon & Herndon Investigations, Inc*, 302 Mich App 363, 389; 838 NW2d 720 (2013), citing *Sykes v Anderson*, 625 F.3d 294 (CA 6, 2010).

> First, the defendant must have influenced or participated in the decision to prosecute the plaintiff. Second, because this claim is premised on a violation of a constitutional right, the plaintiff must show that there was a lack of probable cause for the criminal prosecution. Third, the plaintiff must show that, as a consequence of a legal proceeding, he or she suffered a deprivation of liberty, apart from the initial seizure. Fourth, the criminal proceeding must have been resolved in the plaintiff's favor. [*Id*. at 390 (citations and quotation marks omitted).]

It is well-established that a "cause of action accrues when all of the elements of the cause of action have occurred and can be alleged in a proper complaint." *Connelly v Paul Ruddy's Equip Repair & Serv Co*, 388 Mich 146, 150; 200 NW2d 70 (1972). Under ordinary circumstances, we would thus conclude that plaintiff's claim accrued on May 23, 2016, when his underlying conviction and sentence was vacated. At that point, but never before, the underlying criminal proceeding was first "resolved in the plaintiff's favor." *Radu*, 302 Mich App at 389, citing *Sykes v Anderson*, 625 F.3d at 308-309. Accordingly, that would be the date that plaintiff's claim accrued. This conclusion is consistent with plaintiff's position and the Court of Claims' inclination. Both relied on the United States Supreme Court's opinion in *Heck*, 512 US at 489-409, in which the Court held as follows:

> Just as a cause of action for malicious prosecution does not accrue until the criminal proceedings have terminated in the plaintiff's favor, so also a § 1983 cause of action for damages attributable to an unconstitutional conviction or

sentence does not accrue until the conviction or sentence has been invalidated. [Citations omitted.]

The United States Supreme Court recently reiterated this holding in *McDonough v Smith*, ___ US ___; 139 S Ct 2149, 2155-2157; 204 L Ed 2d 506 (2019), when the *McDonough* Court held that a plaintiff's § 1983 claim does not accrue until a "favorable termination of [the plaintiff's] prosecution." The law of the case doctrine, however, dictates a different result in this case.

## D.  THE LAW OF THE CASE DOCTRINE

As discussed earlier, this Court previously decided that plaintiff's claim against Barber (as well as others) accrued in September 2011 when plaintiff was first incarcerated on the probation violation:

- "[P]laintiff's claims accrued when he was imprisoned in 2011." *Cowan*, unpub op at 3.

- "[P]laintiff's claims accrued no later than September 2011 . . . ." *Id*. at 4.

- "[P]laintiff's claims accrued in 2011 . . . ." *Id*.

- "Plaintiff's federal constitutional claims also accrued upon his erroneous imprisonment [in September 2011]." *Id*. (footnote omitted).

"The law of the case doctrine provides that a ruling by an appellate court with regard to a particular issue binds the appellate court and all lower tribunals with respect to that issue, but only if the facts remain materially the same." *Brownlow v McCall Enterprises, Inc*, 315 Mich App 103, 110; 888 NW2d 295 (2016) (citation and quotation marks omitted). The rationale of the law of the case doctrine "is the need for finality of judgments and the lack of jurisdiction of an appellate court to modify its judgments except on rehearing." *Id*. at 110-111 (citation and quotation marks omitted).  The law of the case doctrine applies to all "issues decided, either implicitly or explicitly, in the prior appeal." *Grievance Administrator v Lopatin*, 462 Mich 235, 260; 612 NW2d 120 (2000).  "[A] ruling by an appellate court on a legal question binds the appellate court and all lower tribunals, and the question may not be differently determined in the same case where the facts remain materially the same." *Bruce Twp v Gout* (*After Remand*), 207 Mich App 554, 557-558; 526 NW2d 40 (1994).  The law of the case doctrine, however, "does not preclude reconsideration of a question if there has been an intervening change of law.  For this exception to apply, the change of law must occur after the initial decision of the appellate court." *Ashker*, 245 Mich App at 13.

Although "[t]he law of the case doctrine has been described as discretionary" in some opinions, "these decisions also acknowledge this Court's *mandatory* obligation to apply the doctrine when there has been no material change in the facts or intervening change in the law." *Duncan v Michigan*, 300 Mich App 176, 189; 832 NW2d 761 (2013) (citations omitted; emphasis added).  Indeed, this Court routinely recognizes that "the doctrine of law of the case is a bright-line rule to be applied *virtually without exception*." *Id*. (alteration omitted; emphasis added), quoting *Reeves v Cincinnati, Inc (After Remand)*, 208 Mich App 556, 560; 528 NW2d

787 (1995). In fact, "[e]ven if the prior decision was erroneous, that alone is insufficient to avoid application of the law of the case doctrine." *Id*.

Here, plaintiff argued, and the Court of Claims was inclined to conclude, that his malicious prosecution claim accrued on May 23, 2016, the day his underlying conviction and sentence were vacated. As discussed above, we agree that, absent other factors, plaintiff's malicious prosecution claim accrued on May 23, 2016, and thus his September 15, 2016, notice of intent would have been timely. Nonetheless, while plaintiff's malicious prosecution claim would have accrued on May 23, 2016, absent other factors, it is beyond dispute that the issue of when plaintiff's § 1983 claims accrued was already "decided, either implicitly or explicitly, in the prior appeal," *Grievance Administrator*, 462 Mich at 260, when this Court repeatedly stated that plaintiff's claims accrued in September 2011, *Cowan*, unpub op at 3-4. Furthermore, this Court expressly stated that "[p]laintiff's federal constitutional claims also accrued upon his erroneous imprisonment [in September 2011]." *Id*. at 4 (footnote omitted). No facts, parties, or other circumstances have changed since then. *Bruce Twp*, 207 Mich App at 557-558. Thus, despite our conclusion that this Court's prior decision was erroneous, we are compelled by the law of the case doctrine to follow this Court's previous decision that plaintiff's claims in this case, including his § 1983 claims, accrued in September 2011. See *Duncan*, 300 Mich App at 189. In doing so, we reject plaintiff's arguments that this case presents a scenario that would permit non-application of the law of the case doctrine.

Plaintiff relies on *Locricchio v Evening News Ass'n*, 438 Mich 84, 109; 476 NW2d 112 (1991) (citation and quotation marks omitted), in which our Supreme Court, despite recognizing "the generally sound principles of efficiency, comity, and finality that animate the law of the case doctrine," criticized this Court's reliance on that doctrine, labeling it as one that "merely expresses the practice of courts generally to refuse to reopen what has been decided, not a limit to their power." In doing so, our Supreme Court concluded that the law of the case doctrine "yield[s] to" the "competing doctrine" of "the requirement of independent review of constitutional facts." *Id*. (citation omitted). Plaintiff urges us to rely on *Locricchio* to conclude that we need not abide by the doctrine here. However, *Locricchio* clearly provides that the law of the case doctrine yields to "independent review of constitutional *facts*." *Id*. at 109 (emphasis added). Conversely, "whether a plaintiff's claim is barred by the pertinent statute of limitations is a question of law for the court to determine." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 551; 909 NW2d 495 (2017). Thus, the limitation of the law of the case doctrine established in *Locricchio* is not applicable in this case. Consequently, we remain bound by the law of the case doctrine's "mandatory" nature. See *Duncan*, 300 Mich App at 189.

Plaintiff's other attempts to avoid the mandatory nature of the law of the case doctrine are equally unpersuasive. First, plaintiff relies on *People v Phillips*, 227 Mich App 28, 33-34; 575 NW2d 784 (1997), for the proposition that this Court is not bound by the law of the case doctrine if this Court made a "clearly erroneous application of law" in a prior appeal. Although *Phillips* does contemplate that the Court has such discretion, its references to such discretion are in the context of examples with "an intervening change in the law." See *Phillips*, 227 Mich App at 34. There has been no such change here.

Plaintiff also relies on *People v Wells*, 103 Mich App 455, 463; 303 NW2d 226 (1981), for the position that this Court is not bound by the law of the case doctrine if this Court's

purportedly incorrect decision would "create a manifest injustice." As this Court explained in *Wells*, the law of the case doctrine "need not be applied to create an injustice or where a prior decision is clearly erroneous." *Wells*, 103 Mich App at 463. *Wells*, however, was decided before November 1, 1990, and, therefore, has no precedential authority. See MCR 7.215(J)(1). Finally, since *Wells*, this Court has more recently held that it has a "mandatory obligation to apply the doctrine when there has been no material change in the facts or intervening change in the law" even if a prior decision was erroneous. *Duncan*, 300 Mich App at 189. Accordingly, we remain bound by the law of the case doctrine. See *id*.

Plaintiff could have sought to avoid application of the law of the case doctrine by filing a motion for reconsideration with this Court under MCR 7.215(I) or by filing an application for leave to our Supreme Court under MCR 7.305. Plaintiff failed to take either course of action. Consequently, the law of the case doctrine requires us to affirm the Court of Claims's grant of summary disposition to defendants.

Affirmed. Barber, as the prevailing party, may tax costs pursuant to MCR 7.219.

/s/ Jonathan Tukel
/s/ David H. Sawyer
/s/ Michael J. Riordan