BRUCE TOWNSHIP v GOUT (AFTER REMAND)

Docket No. 147123. Submitted August 2, 1994, at Lansing. Decided November 21, 1994, at 9:30 A.M. Leave to appeal sought.

Bruce Township and others brought an action in the Macomb Circuit Court against Peter R. and Margaret M. Gout, doing business as Lakeville Gas Associates, and the Macomb County Board of Road Commissioners, seeking an injunction against Lakeville's construction of an underground natural gas pipe line within the public right of way along 36 Mile Road in Bruce Township. The court, Deborah A. Servitto, J., granted summary disposition for the township, ruling that Lakeville was not a public utility and had no authority to place its pipe line in the right of way. The Court of Appeals, SULLIVAN, P.J., and BRENNAN and N. J. KAUFMAN, JJ., in an unpublished opinion per curiam, decided September 25, 1989 (Docket No. 103589), reversed and remanded for an evidentiary hearing regarding whether Lakeville was a public utility. On remand, the trial court, determining that Lakeville was a public utility and that the Bruce Township Board of Trustees arbitrarily and unreasonably refused to consent to Lakeville's use of the right of way, granted summary disposition for the defendants. The township appealed.

After remand, the Court of Appeals *held:*

1. The term "public utility" means every corporation, company, individual, or association that may own, control, or manage, except for private use, any equipment, plant, or generating machinery in the operation of a public business or utility. Lakeville met the definition of public utility.

2. A public utility has a right to occupy a public right of way, and a township's consent to such use by a public utility may not be arbitrarily and unreasonably withheld. MCL 247.183; MSA 9.263. Here, the township board's resolution not to consent to Lakeville's use of the right of way under any circumstances was arbitrary and unreasonable.

Affirmed.

*Anthony & Seibert* (by *Gary S. Anthony*), for Bruce Township.

*DeMarco & Sage, P.C.* (by *John A. DeMarco*), for the defendants.

Before: MICHAEL J. KELLY, P.J., and CAVANAGH and M. J. SHAMO,* JJ.

CAVANAGH, J. This case involves the definition of a public utility. Plaintiff Bruce Township appeals as of right from an order granting summary disposition in favor of defendants pursuant to MCR 2.116(C)(10), no genuine issue of material fact. We affirm.

The pertinent facts are laid out as follows in our earlier opinion in this case:

> Lakeville is the owner and operator of both a natural gas well located in Armada Township and a gas processing plant located in Addison Township. Plaintiff township is located between Armada and Addison Townships. Lakeville decided to build an underground pipeline between the two facilities, and purchased several private easements, obtained required permits and approval from various state and local agencies, and spent in excess of $1 million toward the construction of the pipeline. In July 1986, Lakeville appeared before plaintiff's township board in connection with the proposed purchase of an easement over township property. The township denied Lakeville's request and, as a result, Lakeville sought an alternative area in which to install its pipeline. Lakeville then obtained permission from the Macomb County Road Commission to install its pipeline within the public right-of-way along 36 Mile Road. This road is located within the plaintiff township and, in addition, plaintiff was the actual title holder to a

---

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

parcel of property along the right-of-way. The consent and approval of the township was never obtained with respect to the installation of the pipeline within this right-of-way.

After the pipeline was substantially completed, plaintiff filed suit on October 6, 1986, seeking injunctive relief to require Lakeville to remove the pipeline. A hearing was held on October 7, 1986, and although Lakeville was not present, the court denied plaintiff's request for a temporary restraining order because the pipeline had already been installed. Some individual 36 Mile Road property owners were later added as party plaintiffs but were later dismissed.

In November 1986, plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10). On January 20, 1987, the lower court issued an opinion granting summary disposition in favor of plaintiff based upon the failure of Lakeville to obtain consent for the pipeline from plaintiff in violation of the constitution. The court did not address whether Lakeville was a public utility, finding the issue required further legal and factual development. An order was later entered on May 4, 1987, granting summary disposition in favor of plaintiff and directing that a future hearing be held to determine the appropriate relief.

Rather than schedule such a hearing, plaintiff instead filed a second motion for summary disposition on May 21, 1987. Plaintiff argued that the resolution as to appropriate remedy was dependent upon whether defendant was a public utility, the issue which the court declined to address in its original opinion. Plaintiff argued that the constitutional basis upon which the court had ruled was intended to be considered only if Lakeville was found to be a public utility. On June 16, 1987, the lower court granted reconsideration and directed the parties to brief various issues. On August 28, 1987, the lower court issued its final opinion, essentially affirming its original opinion of January 20, 1987. The court indicated that Lakeville's status as a public utility was immaterial, but

reviewed the issue for purposes of completeness. The court indicated that there was no genuine issue of material fact but that Lakeville was not a public utility, had no authority to place its pipeline in the public right-of-way, and found that the only appropriate remedy was removal of the pipeline. An order to this effect was entered on September 14, 1987. [Unpublished opinion per curiam of the Court of Appeals, decided September 25, 1989 (Docket No. 103589).]

On appeal from that order, we held that the trial court erroneously granted summary disposition in favor of plaintiffs because no factual evidence was presented concerning defendant Lakeville's status as a public utility. On remand, the trial court determined that, under the facts, there was no dispute that Lakeville was indeed a public utility and that plaintiff township board's refusal "under any circumstances" to consent to Lakeville's occupancy of the right of way was arbitrary and unreasonable. Accordingly, the court granted summary disposition in favor of defendants.

In the appeal now before us, plaintiff invites us to "revisit and re-examine" this Court's determination in the earlier appeal that defendant Lakeville may be deemed a public utility despite its being exempt from obtaining approval of its proposed pipeline from the Michigan Public Service Commission.

Plaintiff appears to be unfamiliar with the doctrine of the law of the case, which holds that a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals, and the question may not be differently determined in the same case where the facts remain materially the same. *Poirier v Grand Blanc Twp (After Remand),* 192 Mich App 539, 546; 481 NW2d 762 (1992). A party that objects to the law

as stated by the appellate court may either request a rehearing or appeal to the Supreme Court. *Johnson v White,* 430 Mich 47, 53; 420 NW2d 87 (1988); *Muilenberg v Upjohn Co,* 169 Mich App 636, 641; 426 NW2d 767 (1988).

Accordingly, the precise issue framed by plaintiff is not properly before us. However, in the interest of the administration of justice and the avoidance of future litigation, MCR 7.216(A); *City of Berkley v Holmes,* 34 Mich App 417, 424; 191 NW2d 561 (1971), overruled on other grounds *Taxpayers & Citizens in the Public Interest v Dep't of State Hwys,* 70 Mich App 385, 389; 245 NW2d 761 (1976), we will consider the question whether the trial court properly granted summary disposition in favor of defendants for the reason that defendant Lakeville Gas Associates is a public utility and plaintiff township unreasonably refused to allow it to install a gas pipe line within a public right of way.

A township has the right to exercise reasonable control over the use of its highways, streets, alleys, and public places. Const 1963, art 7, § 29; *Union Twp v Mount Pleasant,* 381 Mich 82, 90; 158 NW2d 905 (1968). A public utility has a right to occupy a public right of way, and the township's consent to such use by a public utility may not be arbitrarily and unreasonably withheld. MCL 247.183; MSA 9.263; *Union Twp, supra* at 89-90.

The term "public utility" means every corporation, company, individual, or association that may own, control, or manage, except for private use, any equipment, plant, or generating machinery in the operation of a public business or utility; utility means the state or quality of being useful. *Schurtz v Grand Rapids,* 208 Mich 510, 524; 175 NW 421 (1919).

We agree with the trial court's conclusion on

remand that there was no dispute that defendant Lakeville was a public utility under the above definition: it was in the business of producing, transporting, processing, and selling natural gas; all of the natural gas it produced was sold to a public utility (Michigan Consolidated Gas Company) for distribution to the public; and it did not use any of the natural gas for its own purposes, or sell it to anyone else. Clearly, defendant's pipe line was useful to the public. *Schurtz, supra.*

We also agree with the trial court that plaintiff arbitrarily and unreasonably withheld its consent to defendant's use of the right of way in light of its resolution that consent would be given "under no circumstances." *Union Twp, supra.*

Affirmed.