*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SHAFIQ KASHAM,

          Plaintiff/Intervenor-Defendant,

and

ROBERT HOJNACKI and ROBKEL
ENTERPRISES LLC,

          Intervenor-Plaintiffs-Appellees,

v

AHMAD M. KASHAM,

          Defendant/Intervenor-Defendant-
          Appellant.

UNPUBLISHED
February 21, 2019

No. 341011
Washtenaw Circuit Court
LC No. 13-001242-CH

Before: M. J. KELLY, P.J., and SERVITTO and BOONSTRA, JJ.

PER CURIAM.

Intervenor-defendant, Ahmad Kasham, appeals as of right the trial court order awarding intervenor-plaintiffs Robert Hojnacki and Robkel Enterprises LLC, $38,550 in attorney fees and $20,000 in exemplary damages after entry of a default judgment. For the reasons stated in this opinion, we reverse.

## I. BASIC FACTS

The basic facts are undisputed. In December 2011, Kasham leased a laundromat to intervening plaintiffs. In the lease Kasham warranted that he was the titleholder of the property in fee simple and he granted intervenor-plaintiffs rights of first refusal. In December 2013, Shafiq Kasham filed an action to quiet title, contending that Kasham had forged the deed granting himself rights to the property. In January 2014, the trial court granted intervenor-plaintiffs motion to intervene. Intervening-plaintiffs contended that Kasham had fraudulently induced them into a contract, that Kasham had made fraudulent misrepresentations, and that

-1-

Kasham and Shafiq Kasham had engaged in a civil conspiracy to defraud them. In November 2014, the court entered a default against Kasham. Subsequently, after settling with Shafiq Kasham, intervenor-plaintiffs moved for entry of a default judgment against Kasham. The court entered an order finding Kasham liable for fraud and awarded intervenor-plaintiffs damages in the amount of $92,685.50, which included attorney fees, costs, and exemplary damages. In November 2015, Kasham moved to set aside the default, but the trial court denied his motion.

Kasham appealed to this Court, arguing that the trial court erred by refusing to set aside the award of attorney fees, costs, and exemplary damages. In an unpublished per curiam opinion, we held that the trial court had failed to make any findings to support the reasonableness of the attorney-fee award and we held that there was no legal basis to impose exemplary damages. *Kasham v Kasham*, unpublished per curiam opinion of the Court of Appeals, issued April 13, 2017 (Docket No. 331008); unpub op at 4, 6. Accordingly, we vacated the portions of the default judgment awarding attorney fees and exemplary damages and remanded for further proceedings. *Id*. at 6.

On remand, intervenor-plaintiffs again requested the court award attorney fees and exemplary damages. And, as indicated above, the trial court awarded $38,550 in attorney fees and $20,000 in exemplary damages. This appeal follows.

## II. EXEMPLARY DAMAGES

### A. STANDARD OF REVIEW

Kasham argues that the trial court erred by awarding exemplary damages because this Court determined that the record was insufficient to support such an award. Resolution of this issue requires consideration of the law-of-the-case doctrine. "Whether the law of the case doctrine applies is a question of law that we review de novo." *Duncan v Michigan*, 300 Mich App 176, 188; 832 NW2d 761 (2013).

### B. ANALYSIS

Under the law-of-the-case doctrine "a ruling by an appellate court on a legal question binds the appellate court and all lower tribunals, and the question may not be differently determined in the same case where the facts remain materially the same." *Bruce Twp v Gout (After Remand)*, 207 Mich App 554, 557; 526 NW2d 40 (1994). "The primary purpose of the doctrine is to maintain consistency and to avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Ashker v Ford Motor Co*, 245 Mich App 9, 13; 627 NW2d 1 (2001). In our prior opinion, we held:

> In this case, the alleged facts did not support a finding that defendant engaged in exceptionally reprehensible, voluntary acts or that defendant acted willfully and wantonly to inflict injury upon intervenor-plaintiffs and therefore they were not authorized by law. Here, a finding of fraud supported that defendant represented that he owned fee simple title to the laundromat, when in fact Shafiq owned the property. The record reveals that there were many flaws in the chain-of-title that occurred before defendant obtained an interest in the property. Specifically, there were multiple attempts to transfer the property

-2-

between members of the Kasham family via improperly executed quit-claim deeds. On several other occasions, as in the transfer involving defendant, the quit-claim deeds were not properly executed because a spouse did not sign the deed. Moreover, after intervenor-plaintiffs first learned of the potential cloud on the title, they continued to operate the laundromat under the terms of their lease with defendant. Intervenor-plaintiffs did not allege facts that showed they suffered "humiliation, sense of outrage, and indignity resulting from injuries maliciously, wilfully, and wantonly inflicted by the defendant." [*B & B Inv Group v*] *Gitler*, 229 Mich App [1,] 10[; 581 NW2d 17 (1998)]. Accordingly, the trial court erred as a matter of law in awarding $20,000 in exemplary damages in conjunction with entering the default judgment. *Id*. [*Kasham*, unpub op at 6.]

Accordingly, because we decided this exact question of law in our prior opinion, the trial court was not free to decide it differently on remand. *Bruce Twp*, 207 Mich App at 557.

## III. ATTORNEY FEES

### A. STANDARD OF REVIEW

Kasham also argues that the trial court erred by awarding attorney fees without providing a legal basis on which the award was proper. This Court reviews "for an abuse of discretion a trial court's award of attorney fees and costs." *Smith v Khouri*, 481 Mich 519, 526; 751 NW2d 472 (2008) (opinion by TAYLOR, C.J.).

### B. ANALYSIS

"Michigan follows the 'American rule' with respect to the payment of attorney fees and costs." *Haliw v Sterling Hts*, 471 Mich 700, 706; 691 NW2d 753 (2005). "Under the American rule, attorney fees generally are not recoverable from the losing party as costs in the absence of an exception set forth in a statute or court rule expressly authorizing such an award." *Id*. at 707. In addition, under some circumstances, the common law may provide an exception to the general rule. See *Nemeth v Abonmarche Dev, Inc*, 457 Mich 16, 37-38, 38 n 11; 576 NW2d 641 (1998). "Exceptions to the prevailing doctrine that attorney fees are not recoverable must be narrowly construed." *Brooks v Rose*, 191 Mich App 565, 575; 478 NW2d 731 (1991).

On remand, the trial court awarded $38,550 in attorney fees, but it neglected to state the legal basis for doing so. On appeal, Kasham argues that the court's failure to articulate the basis for awarding attorney fees mandates that we vacate the award of attorney fees without remand. In response, intervenor-plaintiffs contend that there were two legal bases for awarding attorney fees in this case, both of which they presented to the trial court in support of their bid for attorney fees in this case. Specifically, intervenor-plaintiffs argue that attorney fees were recoverable either because Kasham was found liable for fraud or because he failed to improve his position after rejecting a case-evaluation award. We address each in turn.

First, intervenor-plaintiffs direct this Court to our Supreme Court's decision in *Cooper v Auto Club Ins Ass'n*, 481 Mich 399; 751 NW2d 443 (2008) for the proposition that attorney fees are recoverable if the defendant is found liable for fraud. In that case, our Supreme Court determined that a common-law action for fraud is not subject to the one-year-back rule of MCL

500.3145(1). *Id*. at 401. As part of its analysis, the Court reasoned that a claim for fraud was different from a claim under the no-fault act because a fraud action allowed for a plaintiff to "recover a wide range of damages that are not available in a no-fault action." *Id*. at 407, 409. The Court stated:

> Finally, under a no-fault cause of action, the insureds can only recover no-fault benefits, whereas under a fraud cause of action, the insureds may recover damages for any loss sustained as a result of the fraudulent conduct, which may include the equivalent of no-fault benefits, reasonable attorney fees, damages for emotional distress, and even exemplary damages. See *Phillips v Butterball Farms Co, Inc (After Second Remand)*, 448 Mich 239, 250-251; 531 NW2d 144 (1995); *Veselenak v Smith*, 414 Mich 567, 574; 327 NW2d 261 (1982); *Phinney v Perlmutter*, 222 Mich App 513, 527; 564 NW2d 532 (1997)[, impliedly overruled on other grounds by *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 290; 696 NW2d 646, amended 473 Mich 1205 (2005)]; *Clemens v Lesnek*, 200 Mich App 456, 463-464; 505 NW2d 283 (1993). [*Cooper*, 481 Mich at 409.]

Of the cases cited in *Cooper*, only one addressed fraud: *Phinney*. In that case, however, the award of attorney fees was authorized by statute and was not awarded solely because the defendant was found liable for fraud. See *Phinney*, 222 Mich App at 520, 560-561. Thus, *Cooper* does not stand for the broad proposition that attorney fees are recoverable whenever a party is found liable for fraud. Rather, it stands for the unremarkable proposition that, under certain circumstances, a defrauded party may recover attorney fees, such as when attorney fees are otherwise authorized by statute. Here, intervenor-plaintiffs only assert that Kasham was found liable for fraud, but they have not directed this Court to any additional basis for permitting the recovery of attorney fees. Accordingly, in this case, attorney fees are not recoverable on the basis of fraud.

Next, intervenor-plaintiffs contend that our court rules provide an alternative basis for an award of at least some of their attorney fees because Kasham rejected the case evaluation and did not improve upon his position. Pursuant to MCR 2.403(O), a party who rejects a case evaluation and fails to improve his or her position at trial must pay the other party's "actual costs," which include reasonable trial attorney fees necessitated by the rejection of the evaluation. This Court has described this rule as "trial-oriented" and has observed that any potential award is necessarily limited because the rejecting party is only liable for the attorney fees flowing from the rejection of the case evaluation award, i.e., the attorney fees that accrued after the case-evaluation award was rejected. *Van Elslander v Thomas Sebold & Assocs, Inc*, 297 Mich App 204, 213-214; 823 NW2d 843 (2012). Here, intervenor-plaintiffs argued before the trial court that they expended 66.9 hours after the case-evaluation award was rejected, but the court awarded attorney fees for 154.2 hours. Thus, it appears that some, but not all, of the attorney fees awarded may have been proper under this court rule. Reversal and remand is, therefore, required.

## III. CONCLUSION

In sum, to the extent that the trial court found that it could award attorney fees solely because Kasham was found liable for fraud, the court erred. In addition, to the extent that the court found that it could award attorney fees under MCR 2.403(O), the court erred because it failed to distinguish between attorney fees accrued before and after the rejection of case-evaluation sanctions. Accordingly, we vacate the award of attorney fees and remand to the trial court for further proceedings. On remand, if the court again awards attorney fees, it shall state the legal basis for doing so and shall determine whether the requested fee is reasonable under the framework set forth *Smith*, 481 Mich 519. Moreover, because the trial court remains bound by this Court's prior opinion determining that exemplary damages are not appropriate in this case, the court shall vacate the award of exemplary damages and shall not reimpose it.

Vacated, reversed, and remanded for further proceedings. No costs, as neither party has prevailed in full. MCR 7.219. We do not retain jurisdiction.

/s/ Michael J. Kelly
/s/ Deborah A. Servitto
/s/ Mark T. Boonstra