*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* A. L. MEZO, Minor.

UNPUBLISHED
July 28, 2022

No. 359599
Wayne Circuit Court
Family Division
LC No. 20-000200-NA

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In November 2020, the trial court terminated respondent's parental rights to the minor child ALM under MCL 712A.19b(3)(b)(*i*), (g), (j), and (k)(*ii*). Respondent appealed that order, and in August 2021 a panel of this Court held that termination of respondent's parental rights was in ALM's best interests, but the panel conditionally reversed the termination order subject to the trial court's consideration on remand of notice under the Indian Child Welfare Act (ICWA), 25 USC 1901 *et seq*. *In re Mezo*, unpublished per curiam opinion of the Court of Appeals, issued August 26, 2021 (Docket No. 355869). The trial court reinstated its order terminating respondent's parental right after a hearing on remand regarding ICWA notice. Respondent again appeals as of right the order terminating his parental rights, and we again affirm.

As noted, respondent previously appealed the order terminating his parental rights, arguing termination was not in ALM's best interests because there was insufficient evidence showing respondent posed a risk of harm to ALM. This Court concluded the trial court did not clearly err in its best-interests finding, and it held the trial court properly terminated respondent's parental rights. *Id*. at 3-4. This Court also concluded the record contained no evidence showing notice of potential Native American heritage was sent to the Bureau of Indian Affairs, despite respondent informing the trial court he may have had such heritage. *Id*. at 4. This Court accordingly conditionally reversed the order terminating respondent's parental rights and remanded the matter for the trial court to ensure notice was properly made to the appropriate entities under ICWA. *Id*. at 4-5. On remand, the trial court held a hearing to place into the record evidence of the notices sent to the appropriate entities. After no such entities responded to the notice, the trial court held the ICWA was inapplicable, and it reinstated the order terminating respondent's parental rights. Respondent now appeals.

-1-

Rather than focusing on what occurred on remand regarding the ICWA, respondent again argues the trial court improperly determined termination of his parental rights was in ALM's best interests. Respondent's argument on appeal is precluded from appellate review for two related reasons.

First, this Court is precluded, under the law-of-the-case doctrine, from redeciding the best-interests issue. *Rott v Rott*, 508 Mich 274, 286; 972 NW2d 789 (2021). Under the law-of-the-case doctrine, "if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same." *Id.* (quotation marks and citation omitted). "Thus, as a general rule, an appellate court's determination of an issue in a case binds lower tribunals on remand and the appellate court in subsequent appeals." *Id.* (quotation marks and citation omitted). "The purpose of the doctrine is primarily to maintain consistency and avoid reconsideration of matters once decided during the course of a single continuing lawsuit." *Id.* at 286-287 (quotation marks and citation omitted). "[T]he doctrine applies only to issues *actually decided*, either implicitly or explicitly, in the prior appeal." *Id.* at 287 (quotation marks and citation omitted).

A prior panel of this Court directly addressed the merits of respondent's best-interests argument when it held the trial court properly found termination of respondent's parental rights was in ALM's best interests. Although this Court remanded the matter for the limited purpose of considering notice under ICWA, no new relevant facts have arisen as a result of the remand proceedings. Because respondent now challenges the trial court's best-interests finding to the same extent and for the same reasons as in the prior appeal, we are bound under the law-of-the-case doctrine to follow the prior holding on the matter. *Id.* at 286-287. If respondent wished to have this Court reconsider that issue, he should have requested a rehearing from this Court. See *Bruce Twp v Gout*, 207 Mich App 554, 557-558; 526 NW2d 40 (1994) ("A party that objects to the law as stated by the appellate court may either request a rehearing or appeal to the Supreme Court."); see also *People v Whisenant*, 384 Mich 693, 702; 187 NW2d 229 (1971) ("If a litigant has any objection to the law as stated by the appellate court, his redress is an application for rehearing to the deciding court or an appeal to a still higher tribunal.").

Second, notwithstanding preclusion under the law-of-the-case doctrine, we are also precluded from considering the best-interests issue because it is outside the scope of the ICWA issue for which this Court conditionally reversed the termination order and remanded. Where this Court has remanded a matter and a party subsequently appeals again, "the scope of the second appeal is limited by the scope of the remand." *People v Jones*, 394 Mich 434, 435-436; 231 NW2d 649 (1975). Consequently, just as "it is improper for a lower court to exceed the scope of the [remand] order," *Int'l Business Machines Corp v Dep't of Treasury*, 316 Mich App 346, 350; 891 NW2d 880 (2016) (quotation marks and citation omitted), so too is it improper for a respondent to appeal an issue that exceeds the scope of the remand order.

On remand, the trial court properly limited its consideration to the issue of notice under ICWA, and it concluded ICWA was not an issue in this case. Respondent made no objection when the trial court expressly asked whether any party had any remaining concerns regarding ICWA notice. Moreover, despite the scope of respondent's second appeal being limited to the ICWA issue, respondent raised no issue with ICWA notice in his second appeal. Respondent accordingly

abandoned the ICWA issue—the only appealable issue after remand—by failing to address it in this appeal. See *Seifeddine v Jaber*, 327 Mich App 514, 520; 934 NW2d 64 (2019) (stating failure to brief an issue on appeal constitutes abandonment of that issue).

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello